## Anheier, et al. v. DeLong.

(Decided May 18, 1915.)

Appeal from Boyle Circuit Court.

1. Divorce—Restoration of Property—Action for.—Under Section 425 of the Code, providing that every judgment for a divorce shall contain an order restoring any property that either party may have obtained from or through the other during marriage, in consideration or by reason thereof; if the judgment of divorce does not contain an order of restoration, an independent suit may afterwards be brought for the purpose of having the property so obtained restored.

2. Divorce—Restoration of Property—Action for—Pleading.—Where a deed made by the husband to a third person recited a cash consideration, although the true consideration was the agreement of the third person to convey the property to the wife, in a suit

by the husband to obtain a restoration of this property after a judgment of divorce, it was not necessary to allege fraud or mistake in the recitals of the conveyance. In such a case it is necessary only to show that it was in consideration of marriage; but the burden of showing the true consideration is upon the party seeking restoration.

3. Divorce—Action for Restoration of Property—Limitation.—Where a divorce has been obtained, limitation does not begin to run against the party seeking restoration of the property until after the judgment of divorce has been entered.

4. Divorce—Restoration of Property—Trial—Issues Submitted to Jury.—In a suit for the restoration of property, the issue between the parties was whether the property was conveyed in consideration of marriage or for a valuable consideration, and this issue the court might submit to a jury for the purpose of getting its advice and assistance, although the finding of the jury would not be binding on the court.

5. Divorce—Action for Restoration of Property—Children not Necessary Parties.—Although under a conveyance by the husband to the wife, the children of the marriage had a present interest in the property sought to be restored, they were not necessary parties to the action, as their rights were not affected.

CHENAULT HUGUELY, BAGBY & HUGUELY and ROBT. HARDING for appellants.

C. C. FOX, JOHN W. RAWLINGS and HENRY JACKSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1893 W. F. DeLong, the appellee, and Miss Bessie Cecil, now the appellant, were married. At the time of their marriage DeLong owned a valuable tract of land in Scott or Fayette County, and in 1896 he sold this land and from the proceeds of the sale, after the payment of debts, had left about $28,000. Out of this $28,000 he purchased for $12,000 a tract of land in Boyle County containing 132 acres, and with the other $16,000 he purchased another tract in Boyle County containing 148 acres.

The title to the 132-acre tract DeLong had conveyed in fee to himself. The title to the 148 acres DeLong had conveyed to himself and his wife "for and during their joint lives, and to the survivor of them for and during his or her natural life, with remainder in fee to the children and their descendants of said W. F. DeLong, and, if none, then to such person or persons as said W. F. DeLong may by last will and testament designate and

direct, and if he fail to so direct or designate, then to the heirs-at-law of the said W. F. DeLong."

The deed also conferred upon the "said W. F. De-Long and Bessie DeLong the power to sell and convey said lands, or any part of same, and make a complete fee simple title of same to the purchaser of same at any time during the life of said W. F. DeLong, and the proceeds of sale to be reinvested in other real estate which shall be conveyed and held in the same way and subject to the same uses, powers and limitations as are provided in this deed."

In June, 1902, DeLong executed to Granville Cecil, the father of his wife, a deed of conveyance to all his right, title and interest in the 132 and 148 acres of land, his wife not joining in the conveyance. The deed recites that "for and in consideration of the sum of $11,129.75 cash in hand paid to the said party of the first part by the said party of the second part, the said party of the first part has this day bargained and sold, and does by these presents sell, alien and convey unto the said party of the second part all of his right, title and interest, of whatever kind, present or future, vested or contingent, including the remainder interest in the second tract of 148 acres herein conveyed, which may accrue to said first party upon the death of his wife."

On the same day that this deed was executed Granville Cecil conveyed the two tracts of land described in this deed to his brother, C. P. Cecil, the deed reciting: "For and in consideration of the natural love and affection which said Granville Cecil, party of the first part, bears towards his daughter, Bessie C. DeLong, and the further consideration of one dollar in hand paid, and for the purpose of securing to said Bessie C. DeLong and her children the permanent use and benefit of the property hereby conveyed upon the terms, conditions and limitations hereinafter set out, and by way of advancement to the said Bessie C. DeLong in lieu of any share in the farm now occupied by Granville Cecil as his home place, to the extent of $11,129.75, the said party of the first part has this day bargained and sold, and does by these presents sell and convey to the second party, in trust for the uses and purposes and upon the conditions and limitations set forth in this instrument, all his right, title and interest in the following described two tracts of land. * * *"

The deed further provided that the conveyance was to C. P. Cecil in trust for the use and benefit of the said Bessie C. DeLong for and during the term of her natural life, with remainder in fee to her children. There was a further provision that in the event she died leaving no children and no descendants surviving her, then the estate should revert to the said Granville Cecil, and so if all the children of Bessie C. DeLong should die after her death without issue before reaching the age of 21 years, then the property was to revert to Granville Cecil or his estate. It was further provided that the trustee should take, hold and control the property for the use and benefit of said Bessie DeLong and her children in such way as in his judgment seemed best for their interest, but Bessie C. DeLong was not to encumber in any manner the estate or anticipate the rents or profits, and if any creditor of hers should seek to subject her interest in the estate, then all her interest was at once to vest in her children. The trustee was also empowered to allow Bessie C. DeLong and her children to continue in possession of the land and to use and enjoy the same as he deemed it to her best interest to do. And he was also directed to use the income of the estate for the benefit of Bessie C. DeLong and her children. It further provided that if W. F. DeLong survived his wife, then there should vest in the trustee, for the benefit of DeLong, a life interest in the 148-acre tract. This trust, however, for the benefit of DeLong was created upon the condition that DeLong should live a sober economical, moral and industrious life during the life of his wife, and if he failed to live this character of life, he was not to have any interest at all in the land.

On the same day these deeds were made, DeLong and his wife executed their deed to C. P. Cecil for the purpose of vesting in him, subject to the conditions in the deed made to him by Granville Cecil, all the right, title and interest of Mrs. DeLong in these two tracts of land.

In 1909 Mrs. DeLong obtained an absolute divorce from W. F. DeLong, and about two years thereafter married A. A. Anheier. The judgment of divorce, however, did not contain any provision respecting the property rights of the parties or any order restoring property received by either of them from the other during marriage.

It might also be here noted that four children, who are yet living, were born of the marriage between De-Long and his wife, but they are not parties to this suit.

In 1912 DeLong brought this suit in the Boyle Circuit Court for the purpose of having restored to him the life estate in the 148-acre tract of land, upon the ground that the conveyances heretofore mentioned, by which his former wife came into the title of a life estate in this tract of land were without consideration other than that growing out of the marriage relation, and, therefore, he was entitled to the restoration of this life estate under Section 425 of the Civil Code, providing, in part, that "Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage."

To this petition his former wife, now Mrs. Anheier, set up a number of defenses, the principal one being that the conveyances through which she came into the life estate in this land were not in consideration of marriage, but in consideration of the payment to DeLong of the $11,129.65 recited in the deed made by DeLong to Granville Cecil as the consideration for the conveyance.

When the case came on for hearing, the court, on motion of DeLong, and over the objection of the defendant, Mrs. Anheier, impanelled a jury to hear and determine the issue whether the life interest of DeLong in the 148 acres was conveyed to his wife in consideration of marriage or in consideration of the $11,129.75 paid him by Granville Cecil. The jury, after hearing the evidence, were instructed by the court, in substance, that if they believed from the evidence that DeLong conveyed to Granville Cecil his interest in the 148 acres under an agreement that Cecil was to immediately convey the same to C. P. Cecil in trust for the use and benefit of Mrs. DeLong, and without other consideration, and pursuant to this agreement the land was conveyed by Granville Cecil to C. P. Cecil solely and alone because of the marriage relation and in consideration thereof; and further believed that in 1896, when DeLong bought the 148 acres he had conveyed to his wife a life interest in

one-half thereof, and this conveyance was solely in consideration of marriage, the jury should find that DeLong was the owner of a life estate in the 148 acres.

They were further told that if they believed from the evidence that all of the interest of DeLong in the two tracts of land described in the deed made by him to Granville Cecil was conveyed to Granville Cecil in consideration of the $11,129.75 mentioned in the deed, they should find for Mrs. DeLong; and were further instructed that if they believed that the conveyance to Mrs. DeLong in 1896 of a life estate in one-half of the 148 acres was made for a valuable consideration paid by her or others for her benefit, they should find for her.

Under the evidence and these instructions the jury returned a verdict for DeLong, and thereupon the court, on the entire record, including the verdict of the jury, adjudged that DeLong was the owner for life of the 148 acre tract of land, with the right to the possession and enjoyment thereof; and C. P. Cecil, Mrs. Anheier and her husband were directed to execute to him a deed conveying to him the life interest. And it is from this judgment that the appeal is prosecuted by Mrs. Anheier.

There is very little difficulty about the law applicable to this case, as the section of the Code of Practice before quoted expressly provides that when a divorce from the bonds of matrimony is granted, all property not disposed of at the commencement of the action which either party may have obtained, either directly or indirectly, from or through the other during marriage, in consideration or by reason thereof, shall be restored to the party who gave, granted or conveyed it. It is also settled that if the judgment of divorce does not contain this order of restoration, or determine the property rights of the parties to the divorce proceedings, an independent action may be brought by the party seeking the restoration of the property given, granted or conveyed by him to the other party in consideration of marriage. Hawkins v. Northern Coal & Coke Co., 145 Ky., 118.

So that the real question in this case is, was this life estate conveyed to Mrs. DeLong in consideration of marriage or in consideration of the sum of money paid to DeLong by Granville Cecil? There is some claim that at other times other valuable considerations were paid for these conveyances to DeLong, but there is no satisfactory evidence to support this claim.

Before, however, taking up the consideration of this question, we will dispose of the other grounds of reversal relied on. It is contended that the demurrers to the petition and amendments thereto should have been sustained because there was no averment in the petition of fraud or mistake in the terms and conditions of the deed executed by DeLong to Granville Cecil, and it is said that in the absence of allegation and proof of fraud or mistake in the execution of this deed, the consideration of $11,129.75 recited in the deed is conclusive and unrebuttable evidence of the fact that the conveyance was made for the recited consideration and for no other reason.

It is a general and well-established rule that the terms and conditions of a written instrument cannot be varied or contradicted except upon proof of fraud or mistake in the execution of the instrument. But this rule has no application to a case like this, as the rights of the parties to the restoration of the property are determined by the provisions of the code, and if it appears that the property sought to be recovered was received by the other party "directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof," the party so receiving the property must restore it. The recitations of the deed are not controlling, although if the deed should recite a consideration of value, the burden of showing the true consideration would of course be upon the party seeking the restoration.

The only question to be determined in this class of cases is, was the property received, directly or indirectly, from or through the other, during marriage, and in consideration or by reason thereof, and this is necessarily a question of fact to be determined as any other question of fact. If the deed recites a valuable consideration or other consideration than one arising directly or indirectly out of the marriage relation, it may be shown that the recited consideration was not in fact the real or true consideration, and that there was no valuable consideration or other consideration than the one arising out of the marriage relation.

It was, therefore, not necessary that the petition of DeLong should charge fraud or mistake in the execution of the deed, or do more than aver, as was done, that the life estate in the 148 acres was conveyed solely

on account of the marriage relation and that the recited consideration of $11,129.75 was the consideration paid by Granville Cecil for the 132-acre tract alone.

There is also a claim that the action of DeLong was barred by the five and ten year statute of limitation pleaded and relied on by Mrs. Anheier. This plea was interposed upon the theory that the statute commenced to run in June, 1902, when the deed to Granville Cecil was made, and that more than ten years had elapsed between that date and the institution of the action in 1912. There is no merit in this plea, as the statute did not begin to run until the judgment of divorce was entered in 1909. There is a further argument that as a prerequisite to the maintenance of this action, DeLong should have tendered to Cecil the purchase price of $11,129.75 paid him by Cecil. But the tender of the consideration paid him by Cecil was not necessary, as DeLong did not seek to recover the tract of land for which he alleged this consideration was paid.

Objection is also made to the action of the trial court in submitting to a jury the determination of the issues of fact set out in the instructions. These issues of fact were of equitable cognizance and of course could have been disposed of by the chancellor without the assistance of a jury; but we do not know of any rule of practice denying to the chancellor the right to submit an issue of fact in a case of purely equitable cognizance to a jury for the purpose of having the advice and assistance of the jury in its determination. The finding of the jury in a case like this is not binding on the chancellor. He may or may not agree with the conclusion of the jury; but, nevertheless, he may ask the assistance of a jury and get from its finding and from hearing the evidence which the jury hears, such advice and assistance as may be helpful to him when he comes to finally dispose of the issues. And this is all that the chancellor did in this case.

The argument is also made that the children of De-Long were necessary parties to this suit, as under the deed made to C. P. Cecil as trustee the children have a present interest in this 148 acres of land. It is true that under this deed the children have a present interest in this land, but their interest is not and could not be in any manner affected or disturbed by the judgment appealed from. They have now the same interest they had before. The judgment affects only the interest of Mrs.

Anheier by taking from her that which she obtained by virtue of these conveyances and restoring it to DeLong. In this controversy, for the purpose of settling the rights of property between DeLong and his former wife, the children were neither necessary nor proper parties, as the litigation did not concern them.

Coming now to the only substantial question in the case, it may not be amiss to say that counsel on both sides seem to have exerted themselves to encumber the trial with as much irrelevant and incompetent matter and as many objections and exceptions as was possible; but the simple issue before the court and jury was, whether the conveyance by DeLong was for a valuable consideration or in consideration of marriage, and this issue could not well be obscured.

It appears from the evidence that the reasonable market value of the fee in the 132 acres in 1902, when the conveyance was made by DeLong to Cecil, was about $14,000, and that the reasonable market value of the fee in the 148-acre tract at this time was about $20,000. DeLong's wife, however, at this time had a contingent right of dower in the 132-acre tract, and his children owned the fee in remainder in the 148-acre tract, subject to the life estate of DeLong and his wife. But, taking into consideration the dower right of his wife in the 132-acre tract, the interest of DeLong in this tract was worth as much, if not more, than Cecil paid, and it is apparent that $11,129.75 was not an adequate consideration for the conveyance of the right, title and interest of DeLong in both of these tracts of land.

Upon the issue as to what land this consideration covered there is sharp conflict in the evidence, Cecil testifying very positively that he paid the consideration specified for the right, title and interest of DeLong in both tracts of land, and the recital in the deed supports this contention.

On the other hand, DeLong testifies with equal directness that it was distinctly agreed between them that the consideration paid by Cecil was intended to cover only the value of the 132-acre tract, and that his interest in the 148-acre tract was conveyed without valuable consideration and with the purpose that his wife might be the beneficiary; and this view is supported by the fact that simultaneously with the execution of the deed by DeLong to Cecil, Cecil made the trust deed to C. P. Cecil.

The recitals in the deed to C. P. Cecil show that it was the understanding of the parties when this transaction occurred that Mrs. DeLong and the children should be the sole beneficiaries of the conveyance.

After seeing and hearing these witnesses testify and getting such light on the transaction as the other pertinent facts and circumstances afforded, the jury and the chancellor agreed that the conveyance by DeLong of his life estate in the 148 acres was in consideration of marriage, and in this conclusion we concur.

The judgment is affirmed.