## DeLong v. Anheir's Trustee.

(Decided October 24, 1919.)

### Appeal from Boyle Circuit Court.

1. Trusts—Construction of Deed.—Grantor, G, conveyed to C, trustee, certain property in consideration of his love for and by way of advancement to his daughter, B, "for the purpose of securing" to

B and her children "the permanent use and benefit of the proper-
ty . . . upon the terms . . . hereinafter set out." In one
clause grantor stated positively that the property was to be held
in trust for the use and benefit of B "during the term of her
natural life with remainder in fee to her children." By subse-
quent clauses the trustee was instructed to manage and control
the property and dispose of the profits according to his judgment
for the best interest of B "and her children," and that the trust
was to remain in force during B's life and until the youngest
child becomes twenty-one years of age should B die before that
time. Held, that the life estate was not vested in B and her
children jointly, and that even under a construction of the deed
most favorable to her children their right to any portion of the
profits during B's lifetime is not an absolute but merely an equit-
able right which the trustee, in the exercise of a sound discretion,
was empowered to grant.

2.   Trusts—Construction of Deeds—Pleading.—Plaintiff's petition
stated that she was more than twenty-one years of age; that her
parents were divorced, and that she had lived for five years with
her father and received no part of the income from the trust
property. Even construing the deed as giving the trustee the
power in his discretion to apportion the profits among the mother
and children during the trust period, which is the most favorable
construction possible to the plaintiff, her petition is insufficient to
manifest any equitable right to the profits during her mother's
lifetime, or any abuse by the trustee of his discretion in the
management of the property or disposition of the profits; hence
the court did not err in sustaining a demurrer to the petition.

HENRY JACKSON and CHARLES C. FOX for appellant.

EMMET PURYEAR and BAGBY & HUGUELY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This suit was instituted by Emily C. DeLong, one of
the four children of Bessie C. DeLong (now Anheir), to
recover of C. P. Cecil, trustee under a deed executed by
Granville Cecil in 1902, the sum of $1,200.00, alleged to be
one-fifth of the net income derived for the five years last
past from one of two tracts of land conveyed by the deed
of trust. The suit was not brought in equity and does
not state grounds for or seek any equitable relief against
the trustee or involve any discretionary powers delegated
to him, but is a common law action, so styled, seeking to
recover of the trustee as an absolute right one-fifth of the
revenue derived from the land upon the theory that the
beneficial interest in the land during the lifetime of Mrs.
DeLong was vested jointly in Mrs. DeLong and her chil-

dren with remainder in fee to the children. A demurrer was sustained to the petition and the petition dismissed, from which judgment the plaintiff appeals.

The deed executed in 1902 by Granville Cecil, "party of the first part," conveys two tracts of land in Boyle county to C. P. Cecil, "party of the second part," and recites in the granting clause that it was made in consideration of the love and affection which the grantor bears to his daughter, Bessie C. DeLong, and by way of an advancement to her "for the purpose of securing to said Bessie C. DeLong and her children the permanent use and benefit of the property hereby conveyed, upon the terms, conditions and limitations hereinafter set out."

Following a description of the two tracts of land, only one of which is involved in this action, the deed contains the following clauses, among others not pertinent to this inquiry, setting forth with great particularity the terms, conditions and limitations referred to in the granting clause:

"To have and to hold said two tracts of land together with all privileges and appurtenances thereto belonging unto the said C. P. Cecil, his successors and assigns in trust, however, for the use and benefit of the said Bessie C. DeLong for and during the term of her natural life with remainder in fee to her children. In case any child or children of said Bessie C. DeLong should die during her lifetime leaving children or descendants surviving then said children or descendants of such deceased child or children of said Bessie C. DeLong, shall take such part of said remainder as would be received by said deceased child or children of said Bessie C. DeLong under this deed, if living, at the death of said Bessie C. DeLong.

"The said trustee is to take, hold, and manage and control absolutely the property hereby conveyed and earn and make increase with same for the use and benefit of said Bessie C. DeLong and her children, or descendants in such way as in his judgment seems to be to their best interest.

"The trust however, created by this deed shall continue until the youngest child of said Bessie C. DeLong shall reach the age of 21 years and in no event shall it cease during the life of said Bessie C. DeLong, and even though the interest of said Bessie C. DeLong may be

divested as aforesaid by the attempt of a creditor to subject her interest to the payment of debt it shall nevertheless be divested subject to the discretionary right of the trustee to make such appropriations out of the net income of the estate hereby conveyed as will secure to said Bessie C. DeLong the ordinary comforts of life so long as she shall live, but the exercise of this right is left purely to the discretion of the trustee.  The trustee is hereby empowered to allow said Bessie C. DeLong and her children to continue in possession of the lands hereby conveyed and to use, occupy and enjoy the same, or any part thereof, as fully and freely and as long as he may deem it to their best interest to do so.

.   .   .   .   .   .

"The said trustee is empowered to use the lands hereby conveyed in such manner as he may deem in the exercise of reasonable judgment to be for the best interest of Bessie C. DeLong and her children.  Said trustee may use all or any portion of the rents, increase and profits of this estate for the benefit of said Bessie C. DeLong and her children as his judgment may approve or he may if he sees fit reinvest same in land or securities subject to all the terms, limitations and conditions and provisions of this deed as to the estate hereby conveyed."

It will be noticed that in the first of these several clauses the grantor states in positive terms that his daughter, Bessie C. DeLong, is to have the use and benefit of the land for and during her natural life with the remainder in fee to her children and the descendants of any of the children dying before their mother.  It is insisted, however, by the plaintiff, that this clearly expressed purpose of the grantor to secure to his daughter and her children the permament use and benefit of the property conveyed by giving same to the daughter during her life with the remainder to her children or their descendants must give way to the subsequent clauses quoted above, in which, it is insisted, he manifests his purpose and intention to make the children of his daughter, Bessie C. DeLong, joint beneficiaries during her lifetime in the trust estate.  But we are clearly of the opinion that this construction of the deed as a whole is unwarranted, for we are convinced that the first of the clauses above quoted was meant by the grantor to be, as it is in form, the habendum clause, and that he therein expressed his purpose and intention to give a life estate to his daughter, with the remainder to her children or their descendants,

and that the only modification thereof in subsequent clauses was to vest in the trustee a large discretion both as to his control and management of the trust property, and the disposition of the income therefrom during the trust period which was to continue not only during the life of Mrs. DeLong but until the youngest of her children became twenty-one years of age in the event she died prior to that time.   While the life estate was given to the daughter alone, the trustee, in whom her title was vested in order to secure, as stated in the granting clause, the permanent use and benefit of the land to Mrs. DeLong and her children, was given power and discretion when in his judgment it seemed wise and expedient, to let Mrs. DeLong and her children occupy the land or to use the rents and profits from the land for the benefit of Mrs. De-Long and her children.   These provisions, read in connection with the one providing that the trust was to continue not only during the lifetime of Mrs. DeLong, but thereafter until her youngest child became twenty-one years of age, might reasonably be construed to mean that the trustee was to manage the property and expend the profits as in his discretion seemed for the best interest of Mrs. DeLong during her lifetime and her children during their minority after her death, or it might possibly mean that during her lifetime the trustee could in his discretion, should the necessity arise, apportion the profits among Mrs. DeLong and her children, as seemed to him wise, but even if this latter construction should be adopted, which is the most favorable one to the children possible, it is clear that the right of the children to any portion of the profits of the land is not an absolute right as joint owner with their mother, but is only an equitable right addressing itself solely to the discretion of the trustee, and which might be enforced in equity only upon a showing that the trustee had abused such discretion vested in him.

It is clear, therefore, that the deed did not vest in the plaintiff an undivided one-fifth in the profits from this land, or any other interest therein during the lifetime of her mother as a matter of absolute right, and that the court did not err in sustaining the demurrer to the petition, if, as we have stated, it asserted no ground for equitable relief against the trustee.   It merely alleges that plaintiff is more than twenty-one years of age, that her parents are divorced, and that for five years she has lived with her father rather than with her mother, and has

received no part of the income from the trust property, which, even under the most favorable construction of the deed, is wholly insufficient to manifest upon the part of plaintiff any equitable right in the profits during her mother's lifetime, or an abuse by the trustee of the large discretion given to him in the management of the trust property and disposition of the profits therefrom. . We need not, therefore, and do not now decide that under no state of case would one of Mrs. DeLong's children be entitled during her lifetime to some apportionment of the profits arising from the trust fund, but it is held that plaintiff did not state a cause of action in her petition under any possible construction of the deed.

Wherefore the judgment is affirmed.