## Perkins v. Harmon.

(Decided November 28, 1919.)

### Appeal from Magoffin Circuit Court.

Appeal and Error—Findings—Boundaries—Location of Boundary —Evidence.—In a suit to settle the location of a boundary between two adjoining farms where no bearings or distances are given in either description, and no maps or plats are filed to aid the court in determining the length of any of the lines, or the directions in which they run, the evidence as to the proper location of said boundary being conflicting, the judgment of the chancellor will be sustained.

J. W. HOWARD for appellant.

CALLOWAY HOWARD and A. F. BYRD for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This is a dispute over the proper location of a boundary between farms belonging to the parties to this appeal.

Appellee claims under a deed from Eli Fairchild and wife to Larkin Jackson, dated March 17, 1866, while the appellant claims under a deed of September 5, 1874, from Holloway Power and wife to George Perkins.

The description of the land conveyed in the deed first above mentioned is as follows:

"Beginning at a stake at the forks of the branch just below said Jackson house; thence up said right hand branch a small distance opposite a point just below a deer lick; thence up said point to the top of the forked ridge; thence up the forked ridge to opposite the mouth of the small branch running in on the north side of the creek; thence down the hill a straight line and crossing the creek to the mouth of the small branch at the upper end of said Jacksons field; thence up, said branch with its meanders to the head of the same to the top of the forked ridge; thence along the top of the said ridge to the top of the divide; thence running along with the top of the said dividing ridge around the head of the long rock house branch; thence down the ridge between said long rock house branch and the Burton fork to the head of the Lick branch; thence down the ridge between the said Lick branch and the long rock house branch to opposite the

beginning; thence down the said point with the top of the same to the beginning.''

This farm contains 150 acres. The Perkins farm contains 250 acres, more or less, and is thus described:

''Beginning at the upper end of Larkin Jackson farm; thence with said Jackson's line on the north side of the creek to the top of the ridge between the head of the right hand fork of the state road fork and Paint creek waters; thence up said ridge to Allen Bailey's line; thence with said Bailey's line on top of the ridge between the right hand fork and Allen Bailey's creek to the line of Thomas J. Power; thence down a point to Larkin Jackson line with said Jackson's line to the beginning at the mouth of a branch.''

In appellee's petition it is alleged that appellant was trespassing upon appellee's land and setting up an adverse and hostile claim thereto. He asked that he be adjudged the owner of the land and his title to same quieted and that appellant be enjoined and restrained from committing any further trespasses thereon.

The lower court sustained appellee's contention, adjudging him the owner of the land in dispute, a tract of about 4 1-10 acres.

As will be seen, no bearings or distances are given in the two deeds, nor from a very crude drawing filed with the depositions is it possible to fix, with any degree of satisfaction, the true location of the line. It is conceded that the location of the boundary in dispute is a line common to both farms, the question being to properly locate this line; one cannot tell either the length of the lines or in what direction they run. The particular call is the one beginning at a point opposite the mouth of a small branch; thence down a hill, a straight line and crossing the creek to the mouth of the small branch at the upper end of the Jackson field.

If possible to locate the mouth of this branch it would not be an easy matter to tell in which direction the straight line should run because the line could be straight and run from the mouth of the branch to any part of the top of the ridge. But there is a dispute as to the exact location of the mouth of the branch.

According to appellee, the mouth of the branch at the time of the execution of the Jackson deed was at a point somewhere between 30 and 50 feet east of its location at

the present time. Due to a cloud burst or freshet the channel of the branch was changed and it does not empty into Mash fork at the same point as it did in 1866. It is also claimed that in the reconstruction of the county road at this place a considerable quantity of brush and logs were thrown in the bed of the creek and this caused it to change its course.

Appellant introduced a number of witnesses who say there has been no change in the course of the branch, and that it now empties into the creek at the same place it always did. Numerically the witnesses are about equal; most of them are old residents of Magoffin county and who have known this ground for a period of from 25 to more than 50 years. One set of witnesses swear there has been a change in the course of the branch, while witnesses for the other side are just as positive there is no difference in it.

A surveyor appointed by the court on motion of appellee, with the consent of appellant, made his report and found that the line contended for by the appellee was correct.

Appellee states that before he made his purchase he talked to appellant about the matter and the latter pointed out to him the line of his farm, and this line is the one he (appellee) claims is the proper one. There is further proof that the line found by the court to be the true one has been recognized by the parties for a number of years; but, on the other hand, there is as much proof that the line contended for by appellant has been so recognized.

The testimony is in a hopeless state of conflict; it cannot be reconciled. Witnesses equally reputable do not agree.

It is a well known fact that the course of a stream often changes; this may result from various causes; some of these causes are given by the witnesses for appellee.

The chancellor, upon final submission, found the line should run as claimed by appellee, and as found by the surveyor. The chancellor was doubtless familar with the location of the property; perhaps was personally acquainted with the witnesses, and he was in a better position to fix the proper line than this court. The judgment of the lower court should not be reversed where the proof is contradictory, unless in our opinion the judg-

ment is against the decided weight of the evidence. There is a conflict in the evidence; the question as to the proper location of the boundary difficult of solution, and we have been furnished with no maps to aid or assist us. Other than asking us to accept as true the testimony of his witnesses, ignoring entirely the proof adduced by appellee, appellant has pointed out no reason for reversing the judgment below. He must do more than this. The views of the chancellor are entitled to considerable weight and not having been shown sufficient, or any ground, to disturb his findings, the judgment will be affirmed.