## Smith et al. v. Wisconsin-Kentucky Oil & Gas Company.

(Decided March 15, 1932.)

SAM EDWARDS and ROMINES & TERRY for appellants.

J. R. WHITE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

D. W. Smith instituted an action against the Wisconsin-Kentucky Oil & Gas Company to cancel an oil and gas lease upon the ground that it was procured by fraud and duress. The circuit court dismissed the action, and the plaintiff has prosecuted an appeal.

On the 11th day of October, 1918, D. W. Smith and wife sold and conveyed to their son, Lewis Smith, a tract of land in Metcalfe county. The deed contained a provision that Lewis was not to have the control and management of the land prior to the death of D. W. Smith and wife, but after the death of both the grantors the grantee was to have full possession and control of the premises. Later, Lewis Smith and wife executed an oil and gas lease upon the land. The lease contained a covenant on the part of the lessee to drill a well within a specified period or to pay a fixed rental for delay. No well was drilled, but the rentals were paid for four years. Notwithstanding the execution of the lease and acceptance of rentals, Lewis Smith raised a question as to the validity of his lease upon the ground that his mother and father had not joined therein. In that situation the holder of the lease given by Lewis Smith and wife requested a lease from D. W. Smith, whose wife, in the meantime, had died. D. W. Smith executed the lease, and then sought to set it aside. He testified that he was 88 years old, and that when his deed was executed to his son, Lewis Smith, he reserved a life interest for himself and wife. He said that he signed the last lease to keep his boy from going to jail. The representatives of the

holder of the first lease solicited Mr. Smith to sign a new one or ratify the previous lease in order to avoid any question as to its validity. He manifested a willingness to comply, but his son was opposed to it unless some additional consideration be paid to him. In the argument that ensued it was stated that acceptance of rentals by Lewis Smith on an invalid lease with knowledge that he was doing so constituted a fraud, and amounted to obtaining money by false pretenses, for which he could be subjected to prosecution. But Lewis Smith was not convinced. The old gentleman, however, decided to sign the lease and did so, notwithstanding the objection of his son. His son then became active in an effort to cancel the lease.

Without pausing to consider the effect of the lease given by Lewis Smith and wife, when he was in actual control and management of the land, we pass to a consideration of the evidence introduced to sustain the charge of fraud and duress. It amply supports the finding of the chancellor that there was no fraud or duress in obtaining the lease. While, D. W. Smith was an old man, he was thoroughly advised of the situation and executed the lease after full consideration of the facts presented. He did so in opposition to the wishes of his son, who was not seeking to protect the interest of his father, but to obtain a consideration for himself. He was trying to get the better of the lessee, whom it was his duty at least not to harm, and his attitude is not much helped by the atmospheric considerations apparent at the time. It is plain that the father acted prudently and with good judgment in negotiating a lease imposing an additional obligation on the lessee by which he was enabled to get a good gas well within a few weeks.

It is a settled rule of appellate practice that the finding of a chancellor on conflicting evidence will not be disturbed on a mere doubt as to the accuracy of the result. Moren v. Houston, 222 Ky. 785, 2 S. W. (2d) 667. Our concurrence with the conclusion of the chancellor on the facts renders it unnecessary to discuss the other questions argued in the briefs.

The judgment is affirmed.