## Bartley v. Robinson.

(Decided May 12, 1933.)

CHARLES PRATER for appellant.
THOMAS E. NICKEL for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

N. Z. Bartley owned a tract of eighty acres of land in Greenup county which he had been renting out for some years. On January 3, 1929, he executed and delivered to K. F. Robinson a title bond whereby he sold and agreed to convey the land to him in fee simple by a general warranty deed when the purchase money was paid, which, as recited in the bond, was $500 cash and

$6,000 as evidenced by certain notes. On March 10, 1930, N. Z. Bartley filed his petition against Robinson alleging the sale of the land and that Robinson had failed to pay the purchase money; also that in the sale of the land he sold Robinson certain personal property. He prayed judgment for the purchase money and also for the value of the personal property. Robinson filed answer which, briefly stated, alleged that Bartley did not own the coal under the land which was of large value, and was unable to make him a warranty deed to the land. He prayed that the sale should be set aside, alleging that he had made certain improvements on the land, and praying compensation therefor. He also alleged that the personal property was sold to him at $500, and was part of the consideration for the $6,500 recited in the sale bond, and that the $500 cash which he paid at the time was paid for the personal property which was sold to him for $500. Proof was taken, and on final hearing the circuit court rescinded the sale and entered judgment in favor of Robinson for $70 and cost. Bartley appeals.

Some years before, the owner of the land under whom Bartley claimed, had conveyed to another the minerals in the land. Bartley did not know this when he bought, or when he sold to Robinson. A case of want of title was clearly shown by the proof, and the court properly set aside the sale; for the minerals, as shown by the proof, constitute a large part of the value of the property.

The only other questions presented on the appeal are questions of fact purely. Robinson testified that the land was sold to him for $6,000 and the personal property for $500, and this was the full value of it.

On the other hand, Bartley testified that the personal property was worth over a thousand dollars, and that the land and the personal property was sold for $6,500.

Robinson's testimony that the land was sold for $6,000 and the property for $500 is confirmed by two witnesses who testify to statements made to them by Bartley that Robinson agreed to pay $6,000 for the land and $500 for the personal property, and that this was the contract between them. The testimony is conflicting as to whether the stock was in fact worth more than $500. The case was tried before the circuit court on

the law and the facts, and we cannot say that the judgment is against the evidence.

Another complaint is that the court fixed the value of the rent of the land at $100 a year. But several witnesses so fixed its value, and, while there is some conflict in the testimony on this question, the weight of the evidence sustains the judgment of the circuit court, both on this and the amount he allowed Robinson for his improvements.

The appeal presents simply questions of fact. It is a well-settled rule of this court in equity cases not to disturb the finding of the chancellor on the facts where on all the proof the mind is left in doubt as to the truth. The circuit judge knows local conditions and is more or less acquainted with the witnesses, and on such questions as we have here his judgment should not be disturbed unless clearly against the weight of the evidence. Bull v. Kentucky National Bank, 90 Ky. 452, 14 S. W. 425, 12 Ky. Law Rep. 536, 12 L. R. A. 37; Anheier v. De Long, 164 Ky. 694, 176 S. W. 195, Ann. Cas. 1917A, 1239; Perkins v. Harmon, 186 Ky. 78, 216 S. W. 90; Smith v. Wisconsin, etc., Gas Co., 242 Ky. 770, 47 S. W. (2d) 720.

Judgment affirmed.