# De Long et al. v. Arnold.

April 27, 1943.

Robert C. Logan, E. C. Newlin and Joe G. Davis for appellants.

Allen, Duncan, Duncan & Arnold and Nelson D. Rodes for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment dismissing the petition of Emily DeLong who sued for herself and for her sister, Dorothy W. DeLong, and her brothers, Cecil DeLong and Leonard DeLong, and her sister-in-law, Myrtle DeLong, wife of Leonard DeLong. She alleged in her petition that she, her sister and two brothers are the owners of a farm of 148· acres in Boyle county and entitled to the exclusive use and possession of same, and she sought to recover for herself, her sister and brothers from the defendant, Roy M. Arnold, the rents, issues, and profits from and after March 17, 1930, when the defendant took possession of the farm under a deed from T. Yates Hudson. Copies of several deeds were filed with and made part of the petition. The salient facts gathered from the petition and deeds filed as exhibits are these:

Emily DeLong, her sister and two brothers are children of Bessie Cecil DeLong, now Bessie Cecil Anheier,

and W. F. DeLong, her former husband. In March, 1896, W. F. DeLong purchased from Ellen Evans the 148-acre farm for $16,353.26, and had it conveyed to himself and his wife, Bessie Cecil DeLong, ''for and during their joint lives, and to the survivor of them for and during his or her natural life, with remainder in fee to the children and their descendants of said W. F. De-Long.'' He later purchased a tract of land containing 132 acres adjoining the 148-acre tract, and this was conveyed to him in fee on April 29, 1897. On June 7, 1902, W. F. DeLong conveyed to his father-in-law, Granville Cecil, all his right, title and interest in the two tracts of land. On the same day Granville Cecil conveyed the two tracts to his brother, C. P. Cecil, trustee. The deed recited that it was executed in consideration of the natural love and affection which the grantor, Granville Cecil, bore to his daughter, Bessie Cecil DeLong, and for the purpose of securing to her and her children the permanent use and benefit of the property upon the terms, conditions, and limitations thereinafter set out. After the description of the land the deed contained this:

''To have and to hold said two tracts of land together with all privileges and appurtenances thereunto belonging unto the said C. P. Cecil his successors and assigns in trust however for the use and benefit of said Bessie C. DeLong for and during the term of her natural life with remainder in fee to her children.''

The trustee was directed to hold and control the property for the use and benefit of Mrs. DeLong and her children in such way as in his judgment seemed best for their interest, and to use the income for the benefit of Mrs. DeLong, and her children. The deed also provided that if W. F. DeLong should survive his wife there should vest in the trustee for the benefit of W. F. DeLong a life interest for DeLong in the 148-acre tract, but any mortgage by him of his interest or contract to encumber it should divest him of all interest in the land, and the trustee should have no power to make provision for his support. On the same date the deeds from W. F. DeLong to Granville Cecil and from Granville Cecil to C. P. Cecil, trustee, were executed, Bessie Cecil DeLong and her husband executed their deed to C. P. Cecil conveying to him all the right, title and interest of Mrs. DeLong in the two tracts of land, and it was stated in

the deed that it was the purpose of the grantors to bring the interest of Mrs. DeLong in the land under the full operation of the trust created by the deed of the same date of Granville Cecil to C. P. Cecil.

In 1909 Mrs. DeLong obtained an absolute divorce from W. F. DeLong, but the divorce decree failed to contain a provision for the restoration of any property which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof as required by section 425 of the Civil Code of Practice. In 1912 De-Long brought a suit in the Boyle circuit court for the purpose of having restored to him the life estate in the 148-acre tract, and it was adjudged that the conveyance by him of his life estate was in consideration of marriage, and that he was entitled to have it restored. On appeal to this court the judgment was affirmed. Anheier v. DeLong, 164 Ky. 694, 176 S. W. 195, Ann. Cas. 1917A, 1239. In compliance with the judgment the master commissioner of the Boyle circuit court on September 29, 1915, conveyed to W. F. DeLong "the same interest in said 148 acres and 6 perches of land that was conveyed by Ellen Evans to W. F. Delong and Bessie Cecil DeLong by deed dated March 10, 1896." Thereupon DeLong took possession of the land, and it appears that his children lived with him on the land until his life estate was sold in a foreclosure proceeding and a deed executed to the purchaser in January, 1930. DeLong became indebted to T. Yates Hudson, and, to secure the payment of the debt, executed to Hudson a mortgage on his interest in the 148-acre farm. In 1929 Hudson brought suit to enforce the mortgage, and judgment for the sale of DeLong's life estate in the land was entered. Hudson was the purchaser, and in January, 1930, the master commissioner of the Boyle circuit court conveyed to him DeLong's interest in the land. On March 17, 1930, Hudson conveyed to the appellee, Roy M. Arnold, the life estate of W. F. DeLong, and Arnold has been in possession of the land since that date.

It is appellants' theory that the trust deed of June 7, 1902, made the four children of Mr. and Mrs. DeLong joint beneficiaries with Mrs. DeLong in the life interest in the land, and after the deed of restoration joint beneficiaries with their father, W. F. DeLong. It is argued at great length that the interest of W. F. DeLong in the

income from the 148-acre farm was inseparable from that of his children, who were beneficiaries along with him under the trust, and since the trust was not terminated on the divorce of Bessie DeLong from W. F. DeLong the latter could not legally assign or mortgage the life interest. Many authorities are cited in support of the contention that one who claims a trust for the use and benefit of himself together with other persons may provide for a forfeiture of his interest if he assigns, mortgages or encumbers it, or permits it to be subjected to his debts by judicial process. These arguments and the authorities cited in their support are beside the point if appellants' premise that the four DeLong children were given interests in the life estate in addition to their remainder interest created by the deed of March 10, 1896, from Ellen Evans to W. F. DeLong and Bessie Cecil DeLong is incorrect. The deeds of June 7, 1902, including the deed from Granville Cecil to C. P. Cecil, trustee, have been before this court on two occasions and in each instance it was held, in effect, that the four children of the DeLongs took no interest in the life estate created by the Evans deed. In the first case the children were not parties and are not bound by the judgment, but in order to sustain their contention on this appeal it would be necessary to overrule that case. In Anheier v. DeLong, 164 Ky. 694, 176 S. W. 195, Ann. Cas. 1917A, 1239, it had been adjudged in the Boyle circuit court that the conveyance of a life estate in the 148-acre farm to Mrs. DeLong was without consideration other than that growing out of the marriage relation; that W. F. DeLong was the owner for life of the land with the right to possession and enjoyment thereof, and C. P. Cecil, Mrs. Anheier and her husband were directed to execute to him a deed conveying to him the life interest. The judgment was affirmed, and the effect of the affirmance was to hold that W. F. DeLong, after the execution of the deed of restoration, owned the entire life estate in the land free from any restriction contained in the trust deed; that is, he owned the land for and during his natural life with remainder in fee to his children. The trust deed of June 7, 1902, was again before the court for construction in 1919 in DeLong v. Anheier's Trustee, 185 Ky. 487, 215 S. W. 189, 190, where Emily Cecil DeLong, the appellant here, had instituted suit to recover of C. P. Cecil, trustee under the 1902 deed, the sum of $1,200 alleged to be one-fifth of the net income derived from the

132-acre tract conveyed by the deed of trust. The suit was based on the theory that the beneficial interest in the land during the lifetime of Bessie Cecil DeLong was vested jointly in her and her four children with remainder in fee to the children. It was held that the deed did not vest in each of the children an undivided one-fifth interest in the profits from the land or any other interest therein during the life of their mother. Referring to the deed of Granville Cecil to C. P. Cecil, the court said:

"It will be noticed that in the first of these several clauses the grantor states in positive terms that his daughter, Bessie C. DeLong, is to have the use and benefit of the land for and during her natural life, with the remainder in fee to her children and the descendants of any of the children dying before their mother. It is insisted, however, by the plaintiff, that this clearly expressed purpose of the grantor to secure to his daughter and her children the permanent use and benefit of the property conveyed, by giving same to the daughter during her life, with remainder to her children or their descendants, must give way to the subsequent clauses quoted above, in which, it is insisted, he manifests his purpose and intention to make the children of his daughter, Bessie C. DeLong, joint beneficiaries during her lifetime in the trust estate. But we are clearly of the opinion that this construction of the deed as a whole is unwarranted, for we are convinced that the first of the clauses above quoted was meant by the grantor to be, as it is in form, the habendum clause, and that he therein expressed his purpose and intention to give a life estate to his daughter, with the remainder to her children or their descendants, and that the only modification thereof in subsequent clauses was to vest in the trustee a large discretion both as to his control and management of the trust property and the disposition of the income therefrom during the trust period, which was to continue, not only during the life of Mrs. DeLong, but until the youngest of her children became 21 years of age, in the event she died prior to that time."

When all the deeds are read together as they must be, it is clear that W. F. DeLong never intended to vest in his children any interest in the life estate as a matter of absolute right but, on the contrary, intended to limit

their interest to a remainder in fee. As was held in the case last cited, the trust deed vested in the children no enforcible interest in the 132-acre tract aside from the interest in remainder. Likewise, it was the purpose of the trust deed to limit their enforcible interest in the 148-acre tract to the remainder interest vested in them by the Evans deed of March 10, 1896.

The judgment is affirmed.