## Allen's Ex'r v. Howard.

October 4, 1946.

As Amended on Denial of Rehearing

March 14, 1947.

William B. Ardery, Judge.

Woodward, Dawson, Hobson & Fulton and A. Shelby Winstead for appellant.

Eldon S. Dummit, Attorney General, and Roy W. House and M. B. Holifield, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

On December 19, 1924, William B. Allen executed three trust agreements to the Fidelity & Columbia Trust

Company as trustee for his three daughters by which he directed that the income from the corpus of the property impressed with the trusts was to accumulate until his daughters reached 25 years of age, after which time they would receive the income for life and each was given the power of appointment at her death. In the event the power was not exercised, the trust agreements provided that each daughter's share should pass to her issue, and if none, to her surviving sisters or their heirs.

On September 19, 1935, Mr. Allen executed a similar trust agreement to the same trustee for the benefit of his granddaughter who was born September 15, 1935, which contained practically the same terms as the agreements made in favor of his daughters, the granddaughter having use of the trust fund for life with power of appointment; and in the event she failed to appoint, the property passed to her descendants, and if none, then to her heirs.

Mr. Allen died on January 26, 1941, and the Fidelity & Columbia Trust Company qualified as his executor. Subsequently, that company became the Citizens Fidelity Bank & Trust Company, which administered the estate as well as the four trusts. In filing its inheritance tax return with the Department of Revenue, the executor did not include the remainder interests set out in the four trusts, but the Department assessed an inheritance tax of $8,604.71 against such remainder interests and the Tax Commission upheld the Department's ruling that this tax should be paid out of Mr. Allen's estate. Thereupon, the executor filed its petition in the Franklin Circuit Court against the Commissioner of Revenue and the Tax Commission which set out the terms of the agreements and averred that the remainder interests were not subject to an inheritance tax. The trial court sustained a general demurrer to the petition, the executor refused to plead further and when his petition was dismissed he appealed.

It is admitted in briefs that the trust agreements are irrevocable and as they were not made by Mr. Allen in contemplation of death, the life estates they created are not subject to an inheritance tax. The sole question before us is whether the remainder interests are subject to such a tax.

The inheritance tax statute in effect at the time the trusts were created was chapter 111, page 329 of the Acts of 1924, which became sec. 4281a-1 et seq. of Carroll's 1930 statute. Section 4281a-1 was amended in 1936 and became sec. 4281a-12 of that year's statute and now appears as KRS 140.010, which reads: "All real and personal property within the jurisdiction of this state * * * which shall pass by will or by the laws regulating intestate succession, or by deed, grant, bargain, sale or gift made in contemplation of death or made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor, absolutely or in trust, to any person or to any body politic or corporate, in trust or otherwise, or by reason whereof any person or body politic or corporate shall become beneficially entitled in possession or expectancy to any property or to the income thereof, is subject to a tax upon the fair cash value as of the date of the death of the grantor or donor of the property in excess of the exemptions granted and at the rates prescribed in this chapter. This tax shall be imposed when any such person or corporation becomes beneficially entitled in possession or expectancy to any property or the income thereof by any such transfer."

Subsection 3 of sec. 1, chapter 111, page 331, Acts of 1924, became sec. 4281a-1(3) of Carroll's 1930 Statutes and this section was amended in 1936 by having this provision added thereto: "Provided that in the case of such power of appointment, the transfer shall be deemed to take place, for the purpose of taxation, at the time of the death of the donor and the assessment be made at that time against the life interest of the donee and the remainder against the corpus and collection therefor shall be made pursuant to sec. 8, subsection 5."

It then became sec. 4281a-14 in Carroll's 1936 Statutes. This section was amended again in 1942 by adding two sentences relative to exemptions and is now KRS 140.040 which reads: "Whenever any person shall exercise a power of appointment derived from any disposition of property regardless of when made, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power

and had been bequeathed or devised by such donee by will; and whenever any person possessing such a power of appointment so derived shall omit or fail to exercise the same in whole or in part, within the time provided therefor, a transfer taxable under the provisions of this chapter shall be deemed to take place to the person or persons receiving such property as a result of such omission or failure to the same extent that such property would have been subject to taxation if it had passed under the will of the donee of such power. Provided that in the case of such power of appointment, the transfer shall be deemed to take place, for the purpose of taxation, at the time of the death of the donor and the assessment be made at that time against the life interest of the donee and the remainder against the corpus and collection thereof shall be made pursuant to KRS 140.-230. In the event this provision should operate to provide an exemption for any beneficiary of a donee not authorized by KRS 140.080, then this exemption shall be retrospectively disallowed. It is further provided that the remainder interest passing under the donee's power of appointment, whether exercised or not, shall be added to and made a part of the distributable share of the donee's estate for the purpose of determining the exemption and rates applicable thereto.''

The executor insists that these trusts were completed gifts inter vivos in which the donor retained no interest or control and as it is admitted they were not made in contemplation of death and as no property passed by deed made or intended to take effect in possession or enjoyment at or after the death of the donor, the remainder interests are not subject to the inheritance tax levied under KRS 140.010, and KRS 140.040 has no application. It is further contended by the executor that when the trusts were created the proviso added by the 1936 amendment (fixing the time for levying the tax, in case of power of appointment, as of the death of the donor) had not been passed, therefore if this proviso is applied to the trusts now before us, it violates sec. 2 of our Constitution and the 14th amendment of the Federal Constitution.

It is the Commonwealth's contention that the activity taxed was begun during the life of the donor and was completed at the death of the first beneficiaries and

284

that the donor for the privilege of projecting his control over the trust funds after his death through the device of a power of appointment is liable for the tax at the time of his death. It further contends that neither sec. 2 of our Constitution nor the 14th amendment of the Federal Constitution is violated because the Inheritance Tax Act levying, assessing and collecting taxes on transfers passing under power of appointment was in effect when these trusts were created.

It is elementary that an inheritance tax is based on the passing of title by reason of death from the decedent to the beneficiary. Martin v. Storrs, 277 Ky. 199, 126 S. W. 2d 445. The death of the donor is the event upon which an inheritance tax is founded and in law it is often referred to as the "taxable event." In the trusts before us the beneficiaries had complete enjoyment of the trust estates long before the donor's death. There was no reversion to him in case he survived any of the beneficiaries or another person, and the possession or enjoyment of these remainder interests was not postponed until or after the donor's death and the passing of title thereto was not conditioned upon the donor's death. In other words, the remainder interests or any other part of the trusts were not affected in any way by Mr. Allen's death, therefore his death was not a "taxable event."

In Shukert v. Allen, 273 U. S. 545, 47 S. Ct. 461, 71 L. Ed. 764, 49 A. L. R. 855, the donor created a trust for his children in 1921, the income of which was to accumulate until 1951, at which time it was to be divided among the beneficiaries. The testator died the year he created the trusts and the question there presented was whether the trust was to take effect in possession or after the donor's death. Mr. Justice Holmes in writing for the court said: "The transfer was immediate and out and out, leaving no interest remaining in the testator. The trust in its terms has no reference to his death but is the same and unaffected whether he lives or dies."

So here, the four trusts and the remainders they created were immediate gifts unaffected by the donor's death.

In Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 125, 73 L. Ed. 410, 66 A. L. R. 397, the court

had before it certain trusts wherein the donor created life estates with remainders over to take effect after his death, and it was said that it was doubtful whether the interests in trusts intended to be reached by the phrase ''to take effect in possession or enjoyment at or after his death,'' included any others than those passing from the possession, enjoyment or control of the donor at his death, and so taxable as transfers at death. There, the court followed the general rule that where there is any doubt in a revenue statute, it is construed in favor of the taxpayer, and held that the remainders over were not taxable against the donor's estate.

The argument of the Commonwealth is that the donor retained control over the remainders created in the trusts after his death through the device of a power of appointment which could not be completed until after the deaths of the first beneficiaries, and for this reason the donor's estate must pay the taxes on the remainder interests. But the facts in this instance do not support such an argument. The donor retained no control over these trusts after his death but parted immediately and absolutely with all the trust property, present and remainder, upon the execution of the trust deeds. He in no way limited the power of appointment and his death did not affect the title of the beneficiaries or their right to dispose of the property by will. It is true that should the beneficiaries fail to exercise the power of appointment the trust deeds provided where it will go, and under KRS 140.040 it will be taxed at the death of the life beneficiaries regardless of whether or not they exercise the power of appointment. Commonwealth v. Fidelity & Columbia Trust Co., 285 Ky. 1, 146 S. W. 2d 3.

The Shubert and Reinecke cases support our views that the four trusts before us were unaffected by the death of testator, Mr. Allen, therefore the remainder interests thereby created did not fall within KRS 140.010 which levies the inheritance tax. Since no such tax was levied, we are not concerned with KRS 140.040, or whether or not it is violative of the Kentucky or Federal Constitutions. Nor is it necessary to consider or discuss the several other interesting questions raised by both parties in their briefs.

It is insisted by the Commonwealth that the judg-

ment of the chancellor must stand or else the opinion in Reeves v. Fidelity & Columbia Trust Co., 293 Ky. 544, 169 S. W. 2d 621, must be overruled. We do not think the Reeves opinion is controlling in the case at bar. Our reason for this statement is that the Reeves case involved a power of appointment created by a will and here such power was created by a deed which made an inter vivos gift. The Commonwealth argues that whether the instrument creating the power is a will or a deed is immaterial, and says there was no reason for the General Assembly to have enacted KRS 140.040 unless it was intended to apply to powers of appointment contained in deeds as well as those contained in wills. But the fallacy of that argument is evident from a careful reading of the statute.

Section 140.040, KRS, plainly shows it applies only to powers of appointment created by wills. This section refers to the property appointed as belonging absolutely to the donee ''and whenever any person possessing such a power of appointment so derived'' (meaning, of course, by will) shall fail to exercise it a transfer taxable under the provision of this Act shall occur to the same extent as if it had passed ''under the will of the donee of such power.'' It is further provided that the transfer for the purpose of taxation shall take effect ''at the time of the death of the donor'' which is the time a will becomes effective. This section then provides that the tax shall be collected pursuant to KRS 140.230, which states that when less than the fee of property is devised that the personal representative must deduct the taxes. It is clear to us that KRS 140.040 relates to a power of appointment created by will and not by deed, when the latter is not made in contemplation of death.

It will be noticed that KRS 140.040 says that in case of a power of appointment the transfer takes place, for the purpose of taxation, at the time of the death of the donor. Should the Commonwealth be correct in its argument that KRS 140.040 applies to deeds as well as to wills, then in the event the donee having the power of appointment should predecease the donor, the tax would not be collectable until the death of the donor. By making the death of the donor the taxable event it is patent the statute refers only to wills since it was its purpose to expedite the taxable event and not delay it, as would

be done in case of a deed where the donor outlived the donee.

The judgment is reversed with directions that one be entered to the effect that Mr. Allen's estate is not liable for an inheritance tax on the remainder interests created in the four trust deeds he executed.

Judge Dawson not sitting.