**COMMONWEALTH of Kentucky, by and on relation of James E. LUCKETT, Commissioner of Revenue, Appellant,**

v.

**Cecil DE LONG, Administrator of Estate of William F. DeLong, et al., Appellees.**

Court of Appeals of Kentucky.

March 14, 1958.

Jo M. Ferguson, Atty. Gen., John L. Ward, Sp. Asst. Atty. Gen., for appellant.

R. W. Keenon, Lexington, for appellees.

STANLEY, Commissioner

The appeal is from a judgment dismissing an action against the administrator of the estate of William F. DeLong and his descendants to recover $259.52, plus penalties and interest, as an inheritance tax.

In 1896 title to a 148-acre farm located in Boyle County was conveyed to DeLong and his wife for their lives or to the survivor "with the remainder in fee to the children and their descendants of said William F. DeLong." Thereafter, DeLong conveyed his interest in the property to a trustee for the use and benefit of his wife, with the remainder to his children; but this was set aside, and he recovered the entire life estate in the property upon a judgment of restoration after divorce. See Anheier v. DeLong, 164 Ky. 694, 176 S.W. 195. Some time after this DeLong's life estate in the land was sold in a mortgage foreclosure suit and was acquired by Roy M. Arnold. See DeLong v. Arnold, 294 Ky. 535, 172 S.W.2d 42. So, when DeLong died on January 17, 1945, he had no interest in the property and, of course, none passed to his estate. The remainder interest passed under the original

deed of 1896 to his children and their descendants.

KRS 140.010, in defining what property passing upon the death of an owner is subject to an inheritance tax, embraces the provision that if a transfer had been "made or intended to take effect in possession or enjoyment at or after the death of the grantor or donor, absolutely or in trust," it should be taxable.

The theory of the Commissioner of Revenue seems to be that "possession or enjoyment" of the property passed on DeLong's death to his estate or his descendants and that is the taxable event.

We think the Department gives too narrow a construction of the term "possession or enjoyment." An inheritance tax applies to the transmission of title to property by the act of the owner or through his ownership at the time of his death and is imposed upon the right to inherit or receive the property from such person at his death. Martin v. Storrs, 277 Ky. 199, 126 S.W.2d 445; Department of Revenue of Commonwealth of Kentucky v. Lanham's Adm'rs, 278 Ky. 419, 128 S.W.2d 936; Allen's Ex'r v. Howard, 304 Ky. 280, 200 S.W. 2d 484. It is true DeLong's children or descendants came into possession and enjoyment of the property when DeLong died, but this was as remaindermen. Their ultimate right to actual possession vested by the conveyance of 1896, although it was suspended during DeLong's lifetime. Nothing passed to his estate and nothing subject to inheritance tax passed to his children or descendants from or through him. Reeves v. Harris, 312 Ky. 277, 227 S.W.2d 198. Their interest or title came from the deed of 1896, which was ten years before the first inheritance tax statute was enacted. We held as early as 1915 that this tax law cannot be given a retroactive effect and does not apply to transfers which took effect prior to its enactment. Commonwealth v. McCauley's Ex'r, 166 Ky. 450, 179 S.W. 411.

The judgment is clearly and plainly correct. It is, therefore, affirmed.