## SHUKERT ET AL., EXECUTRICES, *v.* ALLEN, COLLECTOR.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
EIGHTH CIRCUIT.

No. 193. Argued March 4, 7, 1927.—Decided March 21, 1927.

A conveyance of securities made before the testator's death and not in contemplation of it, in trust to accumulate the income until a distant date specified, and then to divide the fund among his children, designated by name as the beneficiaries, vested the interests of his children when it was executed and was not "intended to take effect in possession or enjoyment at or after his death," within the meaning of § 402(c), Revenue Act of 1918. P. 547.

6 F. (2d) 551, reversed.

CERTIORARI (269 U. S. 543) to a judgment of the Circuit Court of Appeals, which affirmed a judgment of the Dis-

trict Court. (300 Fed. 754) directing a verdict for the Collector in an action to recover money paid under protest as a federal estate tax.

*Messrs. William B. McIlvaine* and *Arthur F. Mullen,* with whom *Mr. J. F. Dammann, Jr.,* was on the briefs, for petitioners.

*Mr. Thomas H. Lewis, Jr.,* with whom *Solicitor General Mitchell,* Assistant Attorney. General Willebrandt, Mr. A. W. Gregg, General Counsel, Bureau of Internal Revenue, and *Mr. Sewall Key,* Attorney in the Department of Justice, were on the briefs, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to recover the amount of a federal estate tax paid by the plaintiffs, petitioners, under duress. The District Court directed a verdict for the defendant, the collector, 300 Fed. 754, the judgment upon which was affirmed by the Circuit Court of Appeals. 6 F. (2d) 551. A writ of certiorari was granted by this Court. 269 U. S. 543.

The tax was levied under the Revenue Act of 1918; February 24, 1919, c. 18, § 402(c); 40 Stat. 1057, 1097, which provides that the value of the gross estate of the decedent shall be determined by including all property " To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death," &c. By § 401 the tax is laid upon the transfer of the net estate. The transfer taxed in this case was made by the testator on May 5, 1921, and was a conveyance to the United States Trust Company of Omaha of notes and bonds valued at $225,000, par, in trust to accumulate the income (subject to certain small deduc-

tions in case of the extreme destitution of the testator's wife or of any of the beneficiaries named) until February 1, 1951, unless the last of the beneficiaries should have died more than twenty-one years before that date, &c., and then to divide the principal and undistributed income among his three children by name. The testator died on September 29, 1921, a few months after creating this trust, but it is not argued that he created it in contemplation of death as a device to escape taxes. The only question is whether the trust was one intended to take effect in possession or enjoyment after his death, as was ruled below.

The transfer was immediate and out and out, leaving no interest remaining in the testator. The trust in its terms has no reference to his death but is the same and unaffected whether he lives or dies. Although the Circuit Court of Appeals seems to have thought otherwise, the interest of the children respectively was vested as soon as the instrument was executed, even though it might have been divested as to any one of them in favor of his issue if any, or of the surviving beneficiaries, if he died before the termination of the trust. See Gray, The Rule Against Perpetuities, § 108(3). It seems plain from the little evidence that was put in that the testator was not acting in contemplation of death as a motive for his act, or otherwise, except in the sense that he was creating a fund intended to secure his children from want in their old age, whoever might dissipate the considerable property that he retained and left at his death; and that being fifty-six years old, if he thought about it, he would have contemplated the possibility or probability of his being dead before the emergency might arise. Of course it was not argued that every vested interest that manifestly would take effect in actual enjoyment after the grantor's death was within the statute. There certainly is no transfer taking effect after his death to be taxed under § 401.

It is not necessary to consider whether the petitioner goes too far in contending that § 402(c) should be construed to refer only to transfers of property the possession or enjoyment of which does not pass from the grantor until his death. But it seems to us tolerably plain, that when the grantor parts with all his interest in the property to other persons in trust, with no thought of avoiding taxes, the fact that the income vested in the beneficiaries was to be accumulated for them instead of being handed to them to spend, does not make the trust one intended to take effect in possession or enjoyment at or after the grantor's death.

*Judgment reversed.*