*851 OPINION.
Millticen:
This proceeding is governed by the decision in Nichols v. Coolidge, 274 U. S. 531. The facts in that case, which are material to this proceeding, are thus stated by the court:
Mrs. Julia Coolidge, of Massachusetts, survived her husband and died January 6, 1921. As required by the Revenue Act approved February 24, 1919, c. 18, 40 Stat. 1057, 1090, the executors returned a schedule to the Collector. He estimated the gross estate at $180,184.73 and allowed $77,747.74 deductions. They paid the amount assessed upon the balance. Their return did not include certain property transferred by the decedent through duly executed deeds and without valuable consideration, some to trustees and some directly to her children. The Commissioner of Internal Revenue held that under Section 402(c) the value of all this property at her death must be included in the gross estate. He raised the assessment accordingly and demanded the additional tax — $84,662.65—here challenged.
July 29, 1907, Mrs. Coolidge and her husband owned certain real estate in Boston, also valuable personal property, which they transferred without consideration to trustees, who agreed to hold it and pay the income to the settlors, then to the survivor, and after his death to distribute the corpus among the settlors’ five children or their representatives. The deed directed that the interest of any child predeceasing the survivor should pass as provided by the statute of distribution “ in effect at the time of the death of such survivor.” The trustees were authorized to sell the property, to make and change investments, etc. April 6, 1917, the settlors assigned to the children their entire interest in the property, especially any right to the income therefrom. At the *852 death of Mrs. Coolidge the trustees held property worth $432,155.35, but through sales and changes much of what they originally received had passed from their possession.
The court said, with reference to this transfer: “ But the conveyance by Mrs. Coolidge to the trustees ivas in no sense testamentary, and bears no circumstantial relationship to transfer by death.” The court concluded their opinion as follows:
The statute requires the executors to pay an excise ostensibly laid upon transfer of property by death from Mrs. Coolidge to them but reckoned upon its value plus the value of other property conveyed before the enactment in entire good faith and without contemplation of death. Is the statute, thus construed, within the power of Congress?
Undoubtedly, Congress may require that property subsequently transferred in contemplation of death be treated as part of the estate for purposes of taxation. This is necessary to prevent evasion and give practical effect to the exercise of admitted power, but the right is limited by the necessity.
Under the theory advanced for the United States, the arbitrary, whimsical and burdensome character of the challenged tax is plain enough. An excise is prescribed, but the amount of it is made to depend upon past lawful transactions, not testamentary in character and beyond recall. Property of small value transferred before death may have become immensely valuable, and the estate tax, swollen by this, may leave nothing for distribution. Real estate transferred years ago, when of small value, may be worth an enormous sum at the death. If the deceased leaves no estate there can be no tax; if, on the otheivhand, he leaves ten dollars both that and the real estate become liable. Different estates must bear disproportionate burdens determined by what the deceased did one or twenty years before he died. See Frew v. Bowers, Collector, 12 Fed. (2d) 625.
This court has recognized that a statute purporting to tax may be so abri-trary and capricious as to amount to confiscation and offend the Fifth Amendment. Brushaber v. Union Pacific R. R., 240 U. S. 1, 24; Barclay & Co. v. Edwards, 267 U. S. 442, 450. See also Knowlton v. Moore, 178 U. S. 41, 77. And we must conclude that Section 402(c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation. Whether or how far the challenged provision is valid in respect of transfers made subsequent to the enactment, we need not now consider.
The transfer of February 14, 1912, was made before Congress had enacted any estate tax statute whatever and the transfer of December 3, 1917, was made before the enactment of the Revenue Act of 1921, under which the tax here involved was imposed, and neither transfer was under the rule laid down in the Coolidge case testamentary in character. Under this decision, judgment must go for petitioner. (Compare Shukert v. Allen, 273 U. S. 545.)
Reviewed by the Board.
Judgment will be entered on 15 days' notice, under Rule 50.