**REINECKE, Collector of Internal Revenue, v. NORTHERN TRUST CO.**

Circuit Court of Appeals, Seventh Circuit. December 12, 1927.

No. 3928.

1. **Internal revenue** ⬤⟳8(13)—Reservations held not to bring trust within law requiring inclusion in gross estate (Revenue Act 1921, § 402 [c], being Comp. St. § 6336¾c).

Reservations in trust authorizing settlor to supervise reinvestment of trust funds and to require trustee to execute proxies for voting stocks, to control all leases made, and to change or modify terms together with majority of beneficiaries, being reasonable and prudent provisions, which in no way affect or defeat real purposes of the trusts, *held* not to bring such trusts within provision of Revenue Act 1921, § 402 (c), being Comp. St. § 6336¾c, so as to require inclusion in value of gross estate on death of settlor.

2. **Internal revenue** ⬤⟳8(13)—Trust created before enactment of provision requiring inclusion in gross estate, if taking effect in possession or enjoyment after death, does not come thereunder (Revenue Act 1921, § 402 [c], being Comp. St. § 6336¾c).

Trust created before enactment of Revenue Act 1921, § 402 (c), being Comp. St. § 6336¾c, does not come within provision of such section requiring inclusion in gross estate merely because conveyance was intended to take effect in possession or enjoyment after death of decedent, since title and possession passed out of settlor and, right to revoke not being property right, nothing passed at his death, either to beneficiaries or trustees.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Northern Trust Company, as executor under the last will and testament of A. C. Bartlett, deceased, against Mabel G. Reinecke, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

T. H. Lewis, of Washington, D. C., for plaintiff in error.

J. F. Dammann, Jr., of Chicago, Ill., for defendant in error.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. After the collector of internal revenue, defendant (plaintiff in error), elected to abide by her demurrer to the plaintiff's (defendant in error's) declaration, the plaintiff, executor of the will of A. C. Bartlett, who died May 30, 1922, was awarded a judgment for that part of the tax collected from the executor, under the Revenue Act of 1921 (42 Stat. 227), because the government had included as a part of the gross estate of decedent the property covered by five trusts created in 1919, one in 1903 and one in 1910.

Defendant states the questions involved as follows:

(1) Were the trusts created by Adolphus C. Bartlett intended to take effect in possession or enjoyment within the meaning of section 402 (c) of the Revenue Act of 1921 (42 Stat. p. 277)?

(2) Can Congress include in a decedent's gross estate the value of property conveyed by a revocable trust instrument prior to September 8, 1916?

(3) Can Congress include in a decedent's gross estate the value of property conveyed after September 8, 1916, by a trust instrument which is revocable by the settlor, acting jointly with a majority of the beneficiaries?

Defendant contends for an affirmative answer to each. In each of the trusts there was an absolute transfer and conveyance of the property to the trustee.

Under the first of the 1919 trusts, the income was to be paid to the wife and children until the period of distribution of the corpus, after the death of the settlor. The settlor reserved the right (1) to supervise the reinvestment of the trust funds; (2) to require the trustee to execute such proxies for voting stocks transferred as he might wish; (3) to control all leases made; (4) jointly with the majority of the beneficiaries to alter, change, or modify the terms of the trust.

The other four 1919 trusts were severally made for the benefit of a child of the settlor. As drawn, they provided for the accumulation of the whole income until the period of distribution of the corpus, after the death of the settlor, except so much thereof as the settlor might, from time to time, direct to be paid to the beneficiary named. By amendments made on June 28, 1921, in the manner provided in the trust instruments, the beneficiary under each was to be paid the income. The corpus of the trust fund went to the beneficiary, or to his heirs or devisees, and, in default of such heirs or devisees, it went to the issue of the settlor. All the 1919 trusts gave very full powers to the trustee. The last four contained the same reservations as the first, as above set out.

In the 1903 trust, it was provided that the income was to be paid to the settlor for life; then to a daughter until the termination of the trust. The corpus was to be paid to the daughter, or, in the event of her death before distribution, it was to go in much the same manner as provided in the 1919 trusts. Except that another daughter is the beneficiary, the 1910 trust is identical with the 1903 trust. In each, the settlor reserved the right of revocation.

The relevant portions of the statute are as follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \* \* \* \*

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title." 42 Stat. p. 278 (section 6333¾c, U. S. Compiled Stats. Supp. 1923).

The argument that the trusts were "intended to take effect in possession or enjoyment" within the meaning of the statute is based upon three facts disclosed in the 1919 trusts: (a) That the income was in whole or in part to be accumulated until after the settlor's death; (b) that the corpus was to be distributed after his death; (c) that the trusts were revocable by the joint act of the settlor and a majority of the beneficiaries.

As to the 1903 and 1910 trusts, the argument for an affirmative answer is based upon the provisions found in those trusts: (a) That the settlor took the whole income for life; (b) that the corpus was to be distributed after his death to the beneficiary named in the trust; (c) that the trusts were revocable at the will of the settlor.

The decisions of the District Courts and the Circuit Courts of Appeal, which have considered section 402 (c), are not in harmony with respect to transfers not intended to take effect until after the death of the settlor, and we are of opinion that more discussion will not help to solve the riddle.

No question of intention to evade a tax is here urged. We are of opinion that the reservations in the 1919 trusts, as above herein enumerated, must be held to be reasonable and prudent provisions, which in no way affect or defeat the real purposes of the trusts. The settlor, by those reservations, took nothing for himself; but each reservation is a pledge on his part of advice and assistance to the trustee for the benefit of the beneficiaries. [1] Our views harmonize with those expressed by the Supreme Court in Shukert v. Allen, 273 U. S. 545, 47 S. Ct. 461, 71 L. Ed. 764, 49 A. L. R. 855, decided March 21, 1927, and we feel that they are decisive of the case under the 1919 trusts, and that their terms do not bring those trusts within the provisions of section 402 (c). The court there said:

"It seems to us tolerably plain that, when the grantor parts with all his interest in the property to other persons in trust, with no thought of avoiding taxes, the fact that the income vested in the beneficiaries was to be accumulated for them, instead of being

handed to them to spend, does not make the trust one intended to take effect in possession or enjoyment at or after the grantor's death."

[2] Even if it be conceded that the 1903 and 1910 trusts were conveyances intended to take effect in possession or enjoyment at or after the settlor's death, then, on the authority of Nichols v. Coolidge, 47 S. Ct. 710, 71 L. Ed. 1184, decided May 31, 1927, we must hold adversely to defendant's contention as to those trusts. It was there held:

"And we must conclude that section 402 (c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious, and amounts to confiscation."

The 1903 and 1910 trusts were created many years before there was any statute of the kind here involved, and, under the authority of Jones v. Clifton, 101 U. S. 225, 25 L. Ed. 908, we hold that the title and the possession of the property passed out of the settlor, and that, as the right to revoke was not a property right in him, there was nothing that passed from the settlor, at his death, either to the beneficiaries or the trustees.

The judgment is affirmed.