**NICHOLS, Late Collector of Internal Revenue, v. BRADLEY.**

Circuit Court of Appeals, First Circuit.
June 13, 1928.

No. 2216.

Internal revenue ⬡➝8(6)—Transfer of fund, paying interest to donor's daughters, held not subject to estate tax, because of possible reversionary interest, defeated by donor's death.

Transfer of fund in trust, income from which was to be paid donor's daughters during her life, and thereafter unless they failed to outlive donor and had no issue, in which case the income was to go to her for life, and then to others, *held* not subject to estate tax on donor's death before death of her daughters, since donor parted with possession and enjoyment of property, and retained mere possibility of reversionary interest, which was never realized.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Action by Robert S. Bradley, executor of the estate of Leslie N. Bradley, deceased, against Malcolm E. Nichols, formerly Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 13 F.(2d) 857.

Thomas H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel, Sp. Asst. U. S. Atty., both of Boston, Mass., and C. M. Charest, of Washington, D. C., on the brief), for plaintiff in error.

Robert B. Stone, of Boston, Mass. (Stone & Jones, of Boston, Mass., on the brief), for defendant in error.

Before BINGHAM and JOHNSON, Circuit Judges, and LOWELL, District Judge.

BINGHAM, Circuit Judge. This is an action to recover back an additional estate tax claimed to have been illegally exacted by the collector from the estate of Leslie N. Bradley, deceased, and paid under protest.

February 25, 1919, Mrs. Bradley and her husband conveyed certain stocks and bonds to trustees. The property which Mrs. Bradley owned and contributed was valued at $730,000. Mr. Bradley contributed property of the value of $1,256,000. Property standing in their names as joint tenants (in fact belonging to Mr. Bradley), and of the value of $2,314,000, was also contributed. The trust provided that one-half of the income of the trust property should be paid to Mrs. Bradley during her lifetime; the other half was to be divided equally among her three daughters and their issue. If Mrs. Bradley did not survive the daughters and their issue, the trust was to be continued, paying all the income to the daughters and their issue until 20 years after the death of the last surviving daughter, when the corpus was to be distributed among the issue of the daughters. In case of the death of a daughter during the life of Mrs. Bradley, or after her death, such daughter's share was to be paid to her surviving issue, or, in default of such issue, then to the other daughters or their issue. In case of the death of all three daughters without issue during the lifetime of Mrs. Bradley, all of the income was to be paid to her during her lifetime.

Mrs. Bradley died March 25, 1919, leaving surviving her the three daughters. There is no claim that the declaration of trust was made in contemplation of death.

Mrs. Bradley's executor filed an estate tax return under the Revenue Act of 1918, including therein one-half the value of her contribution to the trust fund. The Commissioner took the position that the $730,000 worth of property contributed by her to the trust should be included in her estate, and assessed a tax on the half not previously returned. In the District Court it was held

that only the half contributed by Mrs. Bradley, of which she received the income during her life, was subject to the tax, and entered judgment for the plaintiff in the sum of $38,-405.13, and this writ of error was prosecuted.

The War Revenue Act of 1918, c. 18, in section 401 (Comp. St. § 6336¾b), imposed a tax "upon the transfer of the net estate of every decedent dying after the passage of this act," and further provided:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real and personal, tangible or intangible, wherever situated.
*   *   *

"(c) To the extent of any interest therein * * * with respect to which he has at any time created a trust * * * intended to take effect in possession or enjoyment at or after his death (whether such * * * trust is made or created before or after the passage of this act), except in case of a bona fide sale for a fair consideration in money or money's worth." Comp. St. §' 6336¾c(c).

As we understand the facts disclosed in the declaration of trust they amount to this: That one-half of the income of the trust property was to be paid to the three daughters or their issue, during Mrs. Bradley's life, and was thereafter to be paid to them, unless they failed to outlive Mrs. Bradley, in which case it was to go to her for life and then to others. It is the contention of the government that Mrs. Bradley, upon the making of the declaration of trust, did not part with the possession or enjoyment of this one-half interest in the property contributed by her, and of which the daughters and their issue were to have the income; that she retained a reversionary interest, that was not to pass until her death, and that in fact did not pass until her death. But we think that, upon making the trust deed, Mrs. Bradley parted with the possession and enjoyment of this half of the property contributed by her to the trust, and that she was to have no reversionary interest in this half unless the daughters and their issue failed to survive her, or (what is the same thing) unless she survived the daughters and their issue, which she did not do. Having died first, no reversionary interest ever arose in her favor. Her death did not pass the right to the possession and enjoyment of the half of the property and income here in question from her to the daughters and their issue. That right passed to them at once by the declaration of trust, subject to defeasance in case

they failed to survive Mrs. Bradley. Her death, however, before that of her daughters, foreclosed the possibility of a reversionary interest arising in her favor. In other words, her death did not effect the transfer of the possession and enjoyment of the property and income to the daughters from and after that time, but, having occurred during the lifetime of the daughters, it foreclosed the possibility of her acquiring a reversionary interest in this half of the property.

The judgment of the District Court is affirmed.