## COMMISSIONER OF INTERNAL REVENUE v. AUSTIN et al.
### No. 5154.

Circuit Court of Appeals, Seventh Circuit.
Nov. 22, 1934.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., for petitioner.

Isaac B. Lipson, of Chicago, Ill., for respondents.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

SPARKS, Circuit Judge.

This appeal involves a federal estate tax imposed under the Revenue Act of 1921, c. 136, 42 Stat. 227. The particular part of the act involved is section 402 (a) and (c).[1] Respondents are the administrators of the estate of Anna B. Austin who died testate June 30, 1922. The Commissioner included in her gross estate certain notes executed by decedent's daughter in her favor, and also the corpus of a trust created by decedent. Upon review, the Board of Tax Appeals allowed a deduction for both items, and from that order this appeal is prosecuted.

On January 1, 1903, decedent executed a trust deed to James B. Forgan, transferring certain property having a value, at the time of her death, of $1,613,125.89. The deed recites that grantor sells, assigns, transfers and sets over the property for the purposes and under the conditions as follows:

"To Have and to Hold the same and the proceeds thereof, in whatsoever form * * *

---

[1] Revenue Act of 1921, c. 136, 42 Stat. 227, 278:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate; * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth."

to the said James B. Forgan, * * * In Irrevocable Trust, However, and Only in Such Trust for my own sole use and benefit during my life, paying over the net income to me from time to time as received; and on my death, if my said husband, Frederick C. Austin, survive me, this trust shall continue so long as he lives, and my said Trustee shall pay to him from the said trust estate a life income from and after my death of Six Thousand Dollars ($6,000.00) per year, payable quarterly or at such other convenient periods as my trustee shall agree upon with my said husband.

"And whether my said husband, Frederick C. Austin, survive me or not, if my two children, Marion Ogden * * * and Wesley Ogden * * * or either of them survive me, and they, or either of them, or the survivor, if one be dead, be then under thirty years of age, then said trust shall continue after my death until both my said children, or the survivor of them, * * * shall be thirty years old or shall die before reaching that age; and said trust shall even then not terminate if my said husband, Frederick C. Austin, be then living, but said trust shall in any event continue until my said husband be dead and both my said children, or the survivor of them, be thirty years of age or dead before reaching that age; but when my said husband is dead and my said children are also dead or of the age aforesaid, then the trust hereby created shall terminate."

After certain specific bequests not herein involved the trust provided as follows:

"Upon the termination of this trust as aforesaid, if my said children, or one of them and issue of the other if one be dead, or issue of both if both be dead, then survive, my Trustee shall divide the trust estate as promptly as may be, into two equal parts, one of which the Trustee shall pay over, * * * to one, and the other to the other of my said two children, Marion Ogden * * * and Wesley Ogden, * * * or to their several and respective heirs, * * * and in such division the children of a deceased parent, if any there be, shall take only such parent's portion to be divided among them. If only

one of my said two children or his or her issue then survive, the other having died leaving no issue then surviving, my Trustee shall on the termination of this trust as aforesaid pay over * * * all of the trust estate and property as aforesaid to that child (or his or her estate if he or she be dead) who or whose issue thus survives; except that if my then deceased child shall have left a widower or widow him or her then surviving, my Trustee shall pay to such widower or widow One Hundred Thousand Dollars ($100,000.00). If at the termination of this trust as aforesaid neither of my said two children nor issue of either survive, then my Trustee shall pay over, convey, and deliver the entire trust estate to such persons as would be entitled thereto if I had then been seized and possessed of the same and died intestate; except that if there be then living a widower or widow respectively of my said children, such widower or widow, or each of them, if there be both, shall be paid One Hundred Thousand Dollars ($100,000.00) by my said Trustee. And such division and disposal of my estate as aforesaid having been fully accomplished, my Trustee shall thereupon and thenceforth stand and be fully acquitted and discharged of and from said trust."

The deed gave the trustee the right to sell the property and reinvest the proceeds and to manage the trust as he thought best, and provided for a corporate successor to Forgan, in case of his death, resignation or inability. It was stipulated that the transfer was not made in contemplation of death.

At the time of the execution of the trust deed decedent and Frederick C. Austin were husband and wife. Upon her death in 1922 she was survived by him and her children of a former marriage, Wesley and Marion Ogden, later Marion O. Richardson. Her husband who was her executor has since died.

At the time of her death decedent was in possession of fourteen unmatured notes, aggregating $163,921.92, but then valued at $119,827. These notes were executed by her daughter on November 17, 1920. They were a part of a series of fifteen notes all of which were alike, except as to amount and maturity date.[2]

---

2 "12,000.00     Chicago, Illinois
"November 17, 1920.
"Two years after date, for value received, I promise to pay to Anna B. Austin the sum of Twelve Thousand Dollars at the First National Bank of Chicago, without interest, if said Anna B. Austin is alive on November 17, 1922. If said Anna B. Austin should die before November 17, 1922, then all obligation on my part hereunder shall cease. This note is secured by assignment of my annuity of twelve thousand dollars a year created by trust agreement between John H. Barker and the First Trust and Savings Bank dated December 1, 1910.
"No. 2
"[Signed]   Marion O. Richardson."

Prior to 1917 Marion and her husband had become indebted in substantial sums, and to secure it they assigned to their creditors her interest in the trust created by her mother, and also her interest in an annuity of $12,000 created in her favor under a trust created by John H. Barker. Later these creditors' claims and the assignments just mentioned were acquired by Forgan for the benefit of decedent, and by will she directed that upon her death the assignments of Marion's interests under the trusts be cancelled and the debts secured thereby be released without payment.

The execution of the notes by Marion to her mother on November 17, 1920, was pursuant to a written agreement at that time entered into by herself and husband and Forgan, and her mother, which fully recited the facts with respect to the debts and the securities assigned, and provided (1) that Marion would execute the notes above referred to, and that, during the life of her mother, she would not assign or encumber her interest in the John Barker estate, or her annuity derived from it; (2) that Forgan would assign to Marion and her mother the interests in the Barker trust which Marion had theretofore assigned to her creditors, so that all future annuity payments thereunder would be paid to her mother during her life as security for the notes, and at the mother's death the annuities would be paid to Marion; (3) that her mother would accept the notes and release Marion from all personal liability to her mother except as provided in the notes, and reassign to Marion all her interest in the Barker annuity when the notes were paid in full.

█ We think the Board was correct in holding that the value of the notes should not be included in the gross estate. Under the ruling in Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 75 L. Ed. 156, they would not be included under section 402 (a) because they were not subject to the payment of the debts of the estate or the expenses of administration, nor were they subject to distribution as a part of the estate. Petitioner argues that the cancellation provision amounted merely to a gift on condition, or an agreement to make a gift, rather than a completed gift inter vivos. With this contention we cannot agree. We think it was not a gift, but if it were, it was completed during decedent's lifetime, being effective as of November 17, 1920.

█ It is also urged that the Board erred in holding that the corpus of the trust was not to be included in the gross estate under section 402 (c). However, we think the Board could not hold otherwise in view of the decisions in McCormick v. Commissioner, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413; May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244; Reinecke v. Northern Trust Company, 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397; Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Shukert v. Allen, 273 U. S. 545, 47 S. Ct. 461, 71 L. Ed. 764, 49 A. L. R. 855.

The order of the Board is affirmed.