**AMOSKEAG TRUST CO. et al. v. FIELD, former Collector of Internal Revenue.**

**No. 852.**

District Court, D. New Hampshire.
April 12, 1935.

O. Walker Taylor, of Boston, Mass., and Wyman, Starr, Booth & Wadleigh, of Manchester, N. H., for executors.

Alexander Murchie, U. S. Atty., of Concord, N. H., for defendant.

MORRIS, District Judge.

This is an action brought by the Amoskeag Trust Company and Walter B. McGregor, executors of the estate of William C. Spear, late of Manchester, N. H., against John H. Field, former collector of internal revenue for the district of New Hampshire, to recover the sum of $2,153.99, with interest, claimed to have been wrongfully, erroneously, and illegally collected as a part of the federal estate tax upon the estate of the said William C. Spear, who died October 25, 1931.

On October 21, 1932, the plaintiffs filed the required federal estate tax returns disclosing all property owned by the said William C. Spear at the date of his death, and all claims against his estate, and paid to the defendant the entire amount of tax shown to be payable on the basis of the return.

On or about February 28, 1933, the Commissioner of Internal Revenue caused an examination of the above-mentioned return to be made through the internal revenue agent in charge of the Boston office. Upon the basis of said examination, the Commissioner made the following determination:.

Transfers—to take effect at or
    after death ..........$ 147,665.54
All other property comprised
    in the estate.......... 1,083,270.26

Total Value of Gross Es-
    tate ..................$1,230,936.40
Total Deductions ....... 187,892.03

Net Taxable Estate.........$1,043,044.37

Total Tax on above net
    estate .................$ 51,861.55
Less: 80% of above—
    State taxes ........... 41,472.26

Net Federal tax.........$ 10,389.29

The inclusion in the value of the gross estate of the transfers above mentioned in the amount of $147,665.54 is claimed to have been erroneous. The sum results from the fact that on April 7, 1928, the said William C. Spear executed an indenture of trust whereby he transferred to three trustees therein named, of which he was one, certain property of the approximate value of $150,000, consisting of cash and securities.

The trust indenture provided, among other things, not pertinent to this action, that the three trustees were to have and to hold the same upon the following trusts, terms, and conditions:

"Indenture of Trust.

"Know all men by these presents, That I, William C. Spear, of Manchester in the County of Hillsborough and State of New Hampshire, in consideration of the acceptance of this trust by the Trustees hereinafter named, and of other valuable consideration, do hereby irrevocably give, grant, assign and convey to Walter B. McGregor, John M. Spear and William C. Spear, all of said Manchester, five hundred (500) shares of New Hampshire Finance Corporation, a corporation organized under the laws of the State of New Hampshire, and having its principal place of business in said Manchester, and One Hundred Thousand Dollars ($100,000.00) in cash, (thus perfecting previous transfers in trust), and such other moneys or securities as I may from time to time hereafter convey to said Trustees, to have and to hold the same on the following trusts, terms and conditions:

"1. To invest and reinvest the same and accumulate the income thereon until my son, William C. Spear, Jr., shall reach the age of twenty-five years.

"2. After my son shall reach the age of twenty-five years, to pay to him the sum of Fifteen Thousand Dollars ($15,000.00) a year in equal quarterly instalments until he shall reach the age of thirty-five years.

"3. To pay to my son when he shall reach the age of thirty-five years all of the balance of said principal sum and accumulated income then remaining. Thereupon this trust shall terminate.

"4. In the event of the death of said William C. Spear, Jr. before reaching the age of thirty-five years, leaving issue him surviving, said Trustees shall continue to hold the principal sum and any accumulations thereof, and invest and reinvest the same for the benefit of such issue, and out of the income shall expend so much as in the

discretion of said Trustees may be necessary for the support, maintenance and education of said issue until said issue shall reach the age of twenty-one years; and as each of such issue shall reach the age of twenty-one years, said Trustees shall then pay over to him his share of the principal and accumulated income of said trust fund and as to such share so paid this trust shall then terminate.

"5. In the event of the death of said William C. Spear, Jr. before reaching the age of thirty-five years, without issue him surviving, in the lifetime of said William C. Spear, the said Trustees shall reconvey the principal of said trust fund with the accumulations thereon to said William C. Spear."

Further conditions of the trust indenture provided for a disposition of the trust funds in case his son, William C. Spear, Jr., dies without issue before reaching the age of thirty-five years, and in the further event that the donor was likewise deceased. These further provisions appear to be immaterial for the determination of the present contentions.

On November 3, 1928, the decedent executed his last will and testament by the terms of which his wife, Bertha L. Spear, and his son, William C. Spear, Jr., were the chief beneficiaries; no reference being made in the will to the property theretofore conveyed under the terms of the trust indenture of April 7, 1928.

At the time of the execution of said trust indenture, said William C. Spear was forty-five years of age, actively engaged in business, and had not been suffering any known mental or physical disease. The tax assessed and collected is based on section 302 (a–c) of the Revenue Act of 1926, c. 27 (44 Stat. 9, 70, 26 USCA § 1094 (a–c), the language of which is as follows:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy;

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death. * * *"

The particular portion of the statute involved is subsection (c). The government does not contend that the indenture of April 7, 1928, was made in contemplation of death, but does rely upon the language of the statute that the gift was "intended to take effect in possession or enjoyment at or after his death."

Claiming an overassessment, the plaintiffs on February 26, 1934, filed a claim for refund in the form required by law for $10,389.29, or such other allowance as was legally refundable, and the grounds set forth for such claim or refund as a basis of the allowance were and are the same grounds alleged and relied upon by the plaintiffs in this action. On May 28, 1934, the Commissioner of Internal Revenue rejected the plaintiffs' claim for refund, and, as reasons for the rejections, stated as follows:

"The claim was filed February 26, 1934, and is based on a contention that a certain transfer constituting the corpus of a trust fund executed April 7, 1928, was erroneously included in the gross estate, either as a transfer made in contemplation of death, or as a transfer intended to take effect in possession and enjoyment after the death of the decedent. The trust instrument contains the following provision:

" 'In the event of the death of the said William C. Spear, Jr., before reaching the age of thirty-five years, without issue him surviving, in the lifetime of said William C. Spear, the said trustees shall reconvey the principal of said trust fund with the accumulations thereon to the said William C. Spear.'

"Under the Bureau's present interpretation of the Revenue Act, the above-quoted language of the trust agreement brings the trust property within the scope of the Federal estate tax law on the theory that the decedent's death effects the shifting of the economic benefits to the property in question."

This action was filed September 4, 1934.

The case appears to resolve itself into a pure question of law whether or not the transfer of property under the indenture of trust executed by William C. Spear on April 7, 1928, was "intended to take effect in possession or enjoyment at or after death."

The transfer was irrevocable. The only possible interest that William C. Spear, the donor, retained is contained in paragraph 5 of the indenture, which provides for a reconveyance by the trustees of whatever remains of the trust fund to the donor in event of the death, without issue surviving, of William C. Spear, Jr., before reaching the age of thirty-five years, in the lifetime of the donor.

The possession of the property vested at once in the trustees. The income therefrom was to be invested and reinvested to accumulate until the beneficiary reached the age of twenty-five years, and then to be paid to him in the sum of $15,000 yearly, until he reached the age of thirty-five years. He was then to receive the balance of said trust fund and accumulated income remaining. In no sense can it be said that the death of the father William C. Spear affected the possession or enjoyment of the beneficiary. In no proper sense was there an enlargement of the interest of the beneficiary of the trust resulting from the death of William C. Spear.

It seems to me that the case is controlled by that of Nichols v. Bradley, 27 F.(2d) 47, and Brady v. Ham, 45 F.(2d) 454, both of which cases were determined by the Circuit Court of Appeals for this circuit. See, also, Shukert et al. v. Allen, 273 U. S. 545, 47 S. Ct. 461, 71 L. Ed. 764, 49 A. L. R. 855; Tait, Collector, v. Safe Deposit & Trust Co. of Baltimore, Executor (C. C. A.) 74 F.(2d) 851, decided in the Fourth Circuit January 8, 1935; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

I hold that the trust fund was not subject to a federal estate tax.

One more matter requires brief notice. After the audit of the original return was made, the collector demanded a deficiency assessment amounting to $20.65, which, with interest of 58 cents, was paid. Notice of the deficiency assessment came from John H. Field, collector, dated August 14, 1933. $21.23 was paid August 17, 1933. In the meantime, Mr. Field's term of office expired, and a new collector, Mr. Peter M. Gagne, took office August 17, 1933, the date on which the deficiency assessment was paid. This action being against the collector in person, he cannot be held liable for payments made to his successor in office. Smictanka, Collector, v. Indiana Steel Co., 257 U. S. 1, 42 S. Ct. 1, 66 L. Ed. 99; Union Trust Co. of San Francisco v. Wardell, 258 U. S. 537, 42 S. Ct. 393, 66 L. Ed. 753.

However, I have examined the origin of this deficiency assessment, and find that it was based upon the valuation of a lot of land which was inadvertently omitted from the original return, so it does not appear that any part of it was due to including in the gross estate the amount of the trust fund. Under these conditions, I do not see that the matter requires further notice.

I find a verdict for the plaintiff for the amount of $2,153.99, with interest from the date of payment, October 24, 1932; interest to be computed by the clerk.