OPINION. Harron, tJudge: The sole question for determination is whether the gift by the decedent to. his son William is includible in the decedent’s gross estate under section 302 (c) of the Revenue Act of 1926, as amended by section 803 (a) of the Revenue Act of 1932.[1] This turns primarily upon whether the gift was intended to take effect in possession or enjoyment at or after decedent’s death. The facts have been stipulated and are relatively simple. In 1932 Henry C. Taylor owed the decedent the sum of $675,000, represented by a note. In May 1932 the decedent assigned $165,000 of this indebtedness to his son William. Thereupon, Henry C. Taylor executed two notes, one in the sum of $165,000 payable to William and one for the balance, payable to the decedent. The note payable to William could be paid at any time thereafter, but was required to be paid not later than 18 months after the death of the decedent. At the same time, William agreed, in writing, that upon payment of the principal of the note he would establish a trust in the amount of $165,000, from which the income would be paid to William during his life (with the power to designate a portion of the income to his wife, which power however was not exercised by William) and thereafter to his daughter Jessie, his sole issue, for her life; the principal to be paid to the issue of Jessie upon her death, or, if she should leave no issue, to Henry C. Taylor, if he survived Jessie, otherwise to Henry C. Taylor’s lineal descendants. This agreement was enforceable by the decedent and the beneficiaries. William also executed an acknowledgement that the amount of the gift would be treated as an advance and would be chargeable against his share of decedent’s residuary estate. For some time prior to 1932 the decedent had been contributing approximately $10;000 annually for the support of William and his family. The purpose of the transaction under which William received the note in the sum of $166,000 was to relieve decedent from income tax on his annual contributions to William and his family. Respondent has agreed that the gift to William was not made in contemplation of death. He contends, however, that the gift was a transfer intended to take effect in possession or enjoyment at or after decedent’s death. Although he does not deny that the assignment of the note was made in decedent’s lifetime, he claims that the circumstances of the assignment indicate that it was in the nature of a testamentary disposition. His argument is based, primarily, upon the fact that the principal of the note was not required to be paid until 18 months after decedent’s death and upon the further fact that William’s share in decedent’s residuary estate was to be charged with the face amount of the gift. Respondent does not cite any case where the facts resemble the facts here. He relies upon Helvering v. Hallock, 309 U. S. 106, apparently because of the dicta expressed in that case to the effect that section 302 (c) “taxes inter vivos transfers <that are too much akin to testamentary dispositions not to be subjected to the same excise.” The facts, however, in Helvering v. Hallock, supra, are entirely dissimilar to the facts of this case. There the decedent set up a trust for the benefit of his wife, but if she predeceased him, the corpus of the trust was to be returned to the settlor. The basis of the decision that the corpus of the trust was includible in the decedent’s gross estate was that he had retained a possibility of reverter. The Court held that the transfer took effect in possession or enjoyment at or after his death because his death was the indispensable and intended event which brought about a shift in the economic interest of the property transferred. That trust was therefore in the nature of a testamentary disposition because the grantor until his death retained a right in the trust property. Although gift to the trust was made inter vivos, it was the grantor’s death which effectuated the disposition of the property to the remaindermen. That this is the meaning of the Court’s language in Helvering v. Hallock, supra, upon which respondent relies, is illustrated by the subsequent case of Whitney v. State Tax Commission of New York, 309 U. S. 530. In that case, after referring to Tyler v. United States, 281 U. S. 497; United States v. Jacobs, 306 U. S. 363; and Porter v. Commissioner, 288 U. S. 436, it was said that: * * * The attempt to differentiate the tie that hinds these cases by treating the inter vivos transfers in these decisions as mere substitutions for testamentary dispositions, disregards the emphasis in these cases on the practical effect of death in bringing about a shift in economic interest, and the power of the legislature to fasten on that shift as the occasion for a tax. * * * Here, the gift by decedent to William was complete in the decedent’s lifetime. The donor had parted with every vestige of control over the beneficial enjoyment and possession of the note. If by a presently operative conveyance inter vivos a person transfers immediately to another all of his property interests in a res, there is no deferment of “possession or enjoyment” or any other incident of ownership, and the statutory language of section 302 (c) does not apply. Shukert v. Allen, 273 U. S. 545. If an inter vivos transfer comes within the statutory language, it must be one by which some of the incidents of ownership are postponed until at or after the death of the transferor. In Shukert v. Allen, supra, a father created a trust in favor of his three children in 1921, with directions to accumulate the income until 1951. The settlor died in the same year. The Supreme Court held that this was not a transfer intended to take effect in possession or enjoyment at or after his death, because, although the fund would not be distributed until after the death of the settlor, the distribution was in no way contingent upon his death, and he had parted with all interest in the property during his lifetime. An inter vivos transfer, to come within section 302 (c), must, in some way, be effectuated by the death of the donor. In this proceeding, although the face amount of the note might not be paid until after the decedent’s death, his death did not add anything to William’s property rights in the note, since the decedent had unconditionally parted with all of his interest in the note during his lifetime. His death merely fixed a definite time for the payment of the note, which could be paid prior to his death. It did not affect the ownership of all rights in the note and its proceeds which had vested in William prior to his father’s death. A similar situation existed in Reinecke v. Northern Trust Co., 278 U. S. 339. There, a decedent had created a number of trusts during his lifetime. In five of them he gave life interests to certain beneficiaries, with remainders to others. The life interests were terminable upon the death of the settlor or within a prescribed period after his death. The Court held that these trusts did not take effect in possession or enjoyment at oi after the settlor’s death. Although* the enjoyment of the remainders hinged upon the death of the settlor, he had not retained any interest in the property transferred in trust. In the course of its opinion, the Court said: * * * The two sections read together indicate no purpose to tax completed gifts made by the donor in his lifetime not in contemplation of death, where he has retained no such control, possession or enjoyment. In the light of the general purpose of the statute and the language of section 401 explicitly imposing the tax on net estates of decedents, we think it at least doubtful whether the trusts or interests in a trust intended to be reached by the phrase in section 402 (c) “to take effect in possession or enjoyment at or after his death,” include any others than those passing from the possession, enjoyment or control of the donor at his death and so taxable as transfers at death under section 401. That doubt must be resolved in favor of the taxpayer. * * * In the recent case of Estate of Flora W. Lasker, 47 B. T. A. 172, this Court said: . The Northern Trust Co. case is solid authority for a negative answer to respondent’s contention that section 302 (c), as amended, should be applied without regard to whether ownership or control is retained in the settlor-decendent. See Commissioner v. Kellogg, 119 Fed. (2d) 54. The Northern Trust Co. case makes it clear that, in order that a gift may be included in the donor’s estate as intended to take effect in possession or enjoyment at or after death, it is necessary that something pass from decedent at death. * * * In this case decedent gave to William all of his interest in the debt of Henry to the extent of $165,000. The gift was outright and unconditional. On his part and as consideration for the assignment, William agreed to create a trust under which he would be the life beneficiary of the income. However, the decedent did not attach any “strings” to the gift. If William did not create the trust under his agreement, the corpus would not revert to decedent. His only right under the agreement, to which his executors succeeded, was to commence an action to compel William or his executors to specifically perform the agreement. Under such circumstances, it can not be said that decedent retained any dominion or control of the res in his lifetime. His death, therefore, was not the “generating source” of any accession to the property rights of William. Knowlton v. Moore, 178 U. S. 41; Tyler v. United States, supra. Accordingly, it is held that the gift by decedent to William was not intended to take effect in possession or enjoyment at or after decedent’s death, and is not includible in decedent’s gross estate under section 302 (c) of the Revenue Act of 1926, as amended. Decision will be entered wider Rule 50. SBC. 302. The value of the gross estate of the decendent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, -wherever situated— * * » * * * * (c) To the extent of any interest therein of which the decendent has at any time made «.transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the Income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and fuU consideration in money or money’s worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.