Joe Werthan et al., Executors, Complainants, Appellees, v. Charles M. McCabe, etc., Defendant, Appellant.

(*Nashville,* December Term, 1931.)

Opinion filed July 2, 1932.

Louis Leftwich and W. E. Norvell, Jr., for complainants, appellees.

L. D. Smith, Attorney-General, and J. W. Cooper, Assistant Attorney-General, for defendant, appellant.

Mr. Justice McKinney delivered the opinion of the Court.

The Commissioner of Finance and Taxation has appealed from a decree holding that the estate of Morris Werthan is not liable for an Inheritance Tax by virtue of chapter 29, Acts of 1929, Extra Session, on certain life insurance policies effected on the life of deceased.

Werthan died testate August 2, 1931, leaving a large estate, including policies of insurance which he had procured, paid the premiums on, and in which he had designated certain beneficiaries. The tax on these policies was paid without question.

At the time of his death, and for some years prior thereto, Werthan was president of the Werthan-Morgan-Hamilton Bag Company, a large and successful corporation. Prior to the passage of the Act of 1929, this corporation had effected insurance on the life of Werthan in the sum of $250,000. It was irrevocably designated as beneficiary in the policies, paid all of the premiums, and kept the policies in its possession. What we have just said also applies to a $75,000 policy issued to the wife of deceased, the premiums being paid out of her separate estate, and to three policies aggregating $66,144, procured by Joe Werthan on the life of his brother, Morris, who was associated in business with him. Morris Werthan never contracted with the insurers so far as these policies are concerned, did not procure them, never paid any of the premiums, had no right to change the beneficiaries designated therein, had no control over or interest in the surrender value of said policies, and never had them in his possession.

The caption of the Act, omitting the repealing clause, is as follows:

"AN ACT to establish and impose a tax for general State purposes on transfers of property by inheritance and intestate laws of the State, by will or gift, in trust or otherwise, or instrument made in contemplation of death, or intended to take effect in possession or enjoyment at or after death of the maker thereof, and by insurance policies or contracts, or by statute, or the proceeds thereof upon the death of the insured."

Subdivision 4 of section 1 of the Act provides:

"If the decedent was a resident of this State, there shall be included in the gross estate the proceeds of insurance policies payable to named beneficiaries, or to his estate, or in such manner as to be subject to claims against his estate and to distribution as a part thereof; *provided however,* that there shall be exempt from the provisions of this Act the proceeds of such policies as may be payable to Class A beneficiaries of the decedent to the extent of Forty Thousand Dollars ($40,000); and, *provided further,* that there shall be exempt from the provisions of this Act the proceeds of policies upon the life of a soldier, or former soldier, irrespective of the amount thereof, payable by the Government of the United States known as War Risk Insurance.

"This subdivision shall include the proceeds of insurance policies commonly known as 'paid-up' contracts or 'investment contracts' or 'annuity contracts' or similar types or forms of policies, the surrender value of which was subject to the control of the decedent prior to death."

The theory of the Inheritance Tax law is that where one transmits property to another by will, under the intestate statutes, or in contemplation of death, a tax is imposed upon the privilege of succeeding to the owner-

ship of the property. Where no property or interest therein is transferred necessarily there is no tax. The insurance companies contracted with the Bag Company, and the other beneficiaries, that upon the payment of certain annual premiums they would pay them certain sums upon the death of Morris Werthan, which they did. Werthan was not a party to these contracts, had not expended so much as a dollar for this insurance, and had no interest in the policies or their proceeds. Hence, there was no transfer from the estate of Werthan to these beneficiaries. If A purchases from B a tract of land upon agreement that possession is to be withheld until the death of C, certainly A acquires no interest in the land from C upon his death. Or if X agrees to pay Y a certain sum upon the death of Z, upon the happening of that event Y succeeds to no part of the estate of Z. That, in principle, is this case. It is not unusual for parties to contract for the doing of an act or the payment of a sum of money upon the happening of some contingency, such as birth, marriage or death.

There is no error in the decree of the Chancellor, and it will be affirmed.