## Martin v. Storrs et al.

Feb. 28, 1939.

WILLIAM B. ARDERY, Judge.

HUBERT MEREDITH, Attorney General, and J. W. JONES, Assistant Attorney General, for appellant.

L. J. CRAWFORD for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal presents a case of which the appellant gives the following abridged statement: A non-resident

corporation of Kentucky, hereinafter referred to as the third party, obtained two policies of insurance, in non-resident companies of Kentucky, on the life of a resident individual of Kentucky (its president and treasurer). The third party, the Storrs-Schaefer Corporation, was designated as the beneficiary of the policies. All premiums paid on the policies were paid by the third party. The third party had possession of the policies, by the terms of which the assured was without any rights in or to the policies, and had no control over nor any incident of ownership in the policies.

It is admitted that the third party, the corporation, had an insurable interest in the life of the assured decedent (its president and treasurer). The assured official, Mr. Storrs, died on November 27, 1936, a resident of Kentucky, leaving in this State property for administration under the terms of his will. Appellant contends that decedent's estate should be held to embrace the proceeds of this business insurance, and that they are subject to the provisions of the inheritance tax law, passed at the special revenue session of the Kentucky Legislature in 1936 (3d Ex. Sess., c. 8), now compiled as Sections 4281a-12 to 4281a-54, both inclusive, of the Kentucky Statutes, 1936 Edition. The specific question involved in this action is whether or not the proceeds from these two insurance policies are subject to the provisions of this inheritance tax law.

After the death of Mr. Storrs, and the due qualification of appellees, Albert Storrs and Lulan N. Storrs, as executors of his last will, they made report for inheritance tax purposes to the appellant, the Commissioner of Revenue. The Commissioner took the position that the proceeds of these two policies were taxable as part of Mr. Storrs' estate, as if they were free bequests passing from it to the beneficiary corporation, even though the policies were issued upon the application of the Storrs-Schaefer Corporation (the one on June 4, 1906, by the N. W. Insurance Company, in the sum of $12,500 and the other or second policy likewise in July, 1921, in the sum of $15,000, by the Penn Mutual Life Insurance Company) and it was named beneficiary therein.

All premiums on both policies were paid by the corporation, and upon the death of Mr. Storrs the proceeds from each were paid directly to the corporation, as the beneficiary named therein. It is also admitted that

under the terms of both policies Mr. Storrs did not have the right to change the beneficiary, or to surrender the policy, or to receive the surrender value, or to borrow upon the policy, or to assign it or pledge it, or to exercise any incident of ownership or control whatever over it.

Under the executors' report made of the decedent's (Storrs') estate to the Commissioner of Revenue for inheritance tax purposes, the Commissioner took the position that the proceeds of these policies were taxable as part of Mr. Storrs' estate. Such claim is made and based upon the provisions of Chapter 8, Section 1, subsection 5, Kentucky Acts, special revenue session 1936 (now Section 4281a-16, Kentucky Statutes), which are as follows:

"In the event it shall appear, either from the will of the decedent or from extrinsic evidence that an obligation of a contractual nature exists in favor of any person, payable at or after death of the decedent, said sum so payable shall be treated for the purposes of this Act as a taxable transfer, unless it shall affirmatively appear by competent evidence that a consideration substantially equivalent in value to the amount so due under said contract was paid or furnished by or for the other party thereto during the life of the decedent. It is further provided that the proceeds payable under any life insurance policy or policies on the death of the assured, whether payable to a designated beneficiary or to the assured or his estate shall be taxable as a part of the legacy or legacies as distributable shares of the beneficiary or beneficiaries, except that the proceeds of an insurance policy or insurance policies, payable to a designated beneficiary or beneficiaries other than the assured or his estate, not to exceed ten thousand dollars ($10,000.00) in the aggregate shall be tax free under the terms of this Act, and the tax free portion shall be divided among the beneficiaries in proportion to the proceeds payable to each of the respective beneficiaries."

The appellant argues that the Kentucky inheritance tax law is not limited to property which passes under the laws of inheritance or by will, but that:

"According to Section 4281a-12 of the Kentucky Statutes, an inheritance tax is imposed on

property 'which shall pass by law [will], or by the laws regulating intestate succession, or by deed, grant, bargain, sale or gift, * * *'

"Sections 4281a-13, and 4281a-17 of the Kentucky Statutes provide that the tax shall apply to gifts or transfers of property made in contemplation of death.

"Section 4281a-15 of the Kentucky Statutes provides that the tax shall apply to property held jointly with right of survivorship, which passes to the survivor upon the death of the other tenant.

"Section 4281a-16 of the Kentucky Statutes provides that the tax shall apply, with certain exceptions, to obligations of a contractual nature existing in favor of any person, payable at or after the death of the decedent, and that the tax shall apply to 'the proceeds payable under any life insurance policy or policies upon the death of the assured, whether payable to a designated beneficiary or to the assured or his estate.'

"Section 4281a-28 of the Kentucky Statutes provides that· in addition to the inheritance tax imposed elsewhere in the Act an estate tax shall be levied on all estates.

"An examination of the foregoing sections of the Kentucky inheritance tax act will readily disclose that it was the intention of the Legislature to do more than to impose a tax on property received under the laws of inheritance, or received under the provisions of a will. In other words, our inheritance tax act is more than the name implies."

The executors protested against the inclusion of the proceeds of the two insurance policies, taken out by the corporation upon the life of Mr. Storrs, and which were directly paid to it upon his death, in the estate of Mr. Storrs for inheritance tax purposes, and, failing to reach an agreement with the Department upon the non-liability of the estate for an inheritance tax on the proceeds of these two policies in question, this suit was filed to determine whether this business insurance is subject to an inheritance tax under the provisions of the 1936 inheritance tax act.

The action was brought under the Declaratory Judgment Act (Civil Code of Practice, Section 639a—1

et seq.) in the Franklin Circuit Court, where, upon argument heard and submission of the cause on its merits, it was adjudged, as a binding declaration of the respective rights and duties of the executors, on the one side, and the appellant, Commissioner of Revenue, on the other, that the proceeds of the two policies named were not subject to a tax, under the inheritance tax law of Kentucky, as part of the estate of John S. Storrs. To this ruling the defendant excepted and prayed an appeal, which was granted and is now before us for review.

Considering the propriety of this judgment, and the question thereby decided, it is our conclusion that the same has been well considered and properly determined, in holding, in harmony with our conclusion reached, that the proceeds of the two policies in question were not subject to the inheritance tax as contended by appellant. It is well settled that an inheritance tax is an excise tax upon the privilege of receiving property from a decedent by reason of his death. Booth's Executor v. Commonwealth, 130 Ky. 88, 113 S. W. 61, 33 L. R. A., N. S., 592; Walker v. U. S., 8 Cir., 83 F. (2d) 103; Allis' Will, 174 Wis. 527, 184 N. W. 381. But, as argued in appellee's brief, conceding that such is the character of the inheritance tax, it is nonetheless true that even an excise tax must have something upon which to operate; that the thing taxed is the privilege of transferring, and it is essential that there shall be a transfer from the decedent to the beneficiary by reason of death. Where the decedent has some interest in or control over an insurance policy, the extinguishment of such interest or control by his death is regarded as constituting a taxable transfer. However, there must be a transfer of something before there can be a tax upon its transfer, and where the decedent has no interest in or control over the policy, which could be transferred by his death, its proceeds are not subject to an inheritance tax.

We take it that, as this question of liability of an estate for inheritance tax has been stated, "it can now hardly be questioned that an estate tax and an inheritance tax are grounded upon: 1. The passage of title; 2. by reason of death; 3. from the decedent; 4. to the beneficiary or beneficiaries." An analysis of the undisputed facts as stated above reveal that no interest passed from the decedent or his estate to the corporation by reason of his death or otherwise. All that Mr.

Storrs had to do with the insurance policies which the corporation took out on his life was to consent that such policies might be effected.

Recognizing and applying these necessary principles and limitations as to the effective scope of the inheritance tax and the objects upon which it may legally operate, the U. S. Court of Appeals, in the 8th Circuit, in considering this question in the Walker case, supra, thus stated the general rule that:

> "Obviously, the proceeds of a life insurance policy pass directly from the insurer to the designated beneficiary without in any sense being transferred by the one whose life is insured (Chase National Bank v. United States, 278 U. S. 327, 334, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388)—this occurs as the result of the insurance contract. However, the insurance contract often provides for some control by the insured—such as powers to change beneficiary, to borrow against the policy, to cancel the policy, or to take the surrender value thereof. Such powers, of course, cease with the death of the insured which matures the policy. The existence of such powers (ceasing at death) are regarded as incidents of ownership which are sufficient to make the proceeds of the policy subject to an estate tax. Chase National Bank v. United States, 278 U. S. 327, 334, 388, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388." [83 F. (2d) 108.]

The same question was also so dealt with and decided in the case of Werthan v. McCabe, 164 Tenn. 611, 51 S. W. (2d) 840, where, in the course of its opinion, the court said:

> "The theory of the Inheritance Tax law is that, where one transmits property to another by will, under the intestate statutes, or in contemplation of death, a tax is imposed upon the privilege of succeeding to the ownership of the property. Where no property or interest therein is transferred, necessarily there is no tax. The insurance companies contracted with the bag company, and the other beneficiaries, that upon the payment of certain annual premiums they would pay them certain sums upon the death of Morris Werthan, which they did. Werthan was not a party to these contracts, had not expended so much as a dollar for this insurance,

and had no interest in the policies or their proceeds. Hence there was no transfer from the estate of Werthan to these beneficiaries. If A purchases from B a tract of land upon agreement that possession is to be withheld until the death of C, certainly A acquires no interest in the land from C upon his death. Or, if X agrees to pay Y a certain sum upon the death of Z, upon the happening of that event Y succeeds to no part of the estate of Z. That, in principle, is this case. It is not unusual for parties to contract for the doing of an act or the payment of a sum of money upon the happening of some contingency, such as birth, marriage, or death.''

As the above legal principles (announced in the cited and quoted cases as applicable to and controlling of the same question, arising upon the same facts, as here presented) are in harmony with our views, we conclude that they are here controlling of our decision of this case.

From this it follows that the policy proceeds, which appellant seeks to subject to the inheritance tax as being embraced within the Storrs estate, were properly held by the trial court, in consonance with the principles applied in the above cited cases, not subject thereto.

Judgment affirmed.