## Department of Revenue of Commonwealth of Kentucky et al. v. Lanham's Adm'rs et al.

May 16, 1939.

420

HUBERT MEREDITH, Attorney General, and J. W. JONES, Assistant Attorney General, for appellants.

NELSON HELM and TRABUE, DOOLAN, HELM & HELM for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This cause was by agreement of parties submitted in chief upon pleadings and stipulation of facts, heard by Honorable Richard Priest Dietzman, as special judge, who in an opinion has so fully, yet tersely, set out the matters involved, the pertinent facts and his conclusions, in which we fully concur, that we appropriate and adopt that part of his opinion which reads:

"The sole question presented by this suit is the constitutionality of the following portion of Kentucky Statutes, 4281a-16, as applied to the situation presented by the facts in this case. That section of the Statutes, in so far as pertinent, provides:

"' * * * It is further provided that the proceeds payable under any life insurance policy or policies on the death of the assured, whether payable to a designated beneficiary or to the assured or his estate shall be taxable as a part of the legacy or legacies as distributable shares of the beneficiary or beneficiaries, except that the proceeds of an insurance policy or insurance policies, payable to a designated beneficiary or beneficiaries other than the assured or his estate, not to exceed ten thousand dollars ($10,000.00) in the aggregate shall be tax free

under the terms of this Act, and the tax free portion shall be divided among the beneficiaries in proportion to the proceeds payable to each of the respective beneficiaries.' ''

"The facts have been stipulated and are as follows: The Lanham Hardwood Flooring Company is a corporation. With the consent of its President, Peter B. Lanham, it effected a policy of insurance upon his life payable to itself. This policy was taken out in 1911 and was for the principal amount of $5,000.00. A like policy was taken out in 1919. During Mr. Lanham's life he had no control over either policy; the corporation paid all the premiums which accrued thereon. Mr. Lanham had no right to borrow upon these policies or to surrender them for their cash value or to change the beneficiary or even to control the payment or non-payment of premiums. In short, the contract of insurance was solely between the corporation and the insurance company and Mr. Lanham had no concern whatever in either policy. Mr. Lanham died intestate on June 30, 1936, leaving surviving him a widow and two sons. His estate consisted of some real and personal property. He also had some life insurance payable to his estate and some life insurance payable to his wife and sons as designated beneficiaries. At the time of his death the insurance policies which the corporation had effected were still in force and were paid in due course.

"The controversy in this case arises because the Department of Revenue is claiming that under the statute quoted above, it is entitled to tax this insurance which the corporation had effected as if it were a free bequest from Mr. Lanham. With this as a major claim, the Department of Revenue claims that the widow and children must each yield to the corporation a portion of the statutory exemption to which they are entitled upon the policies payable to them individually.

"If these adjustments are made, the inheritance tax payable by the administrators of the estate is increased by $573.04, of which $452.59 is chargeable to the corporation and the balance to the widow and sons.

"We take it that it can now hardly be ques-

tioned that an estate tax and inheritance tax are ground upon:

"1. The passage of title; 2. By reason of death; 3. From the decedent; 4. To the beneficiary or beneficiaries. Helvering v. St. Louis Trust Company, 296 U. S. 39, 56 S. Ct. 74, 80 L. Ed. 29, 100 A. L. R. 1239; Bingham v. U. S., 296 U. S. 211, 56 S. Ct. 180, 80 L. Ed. 160; Industrial Trust Company v. U. S., 296 U. S. 220, 56 S. Ct. 182, 80 L. Ed. 191; Reinecke v. Trust Company, 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397.

"The analysis of the facts as stated above and as stipulated reveals that no interest passed from the decedent or his estate to the corporation by reason of his death or otherwise. All that Mr. Lanham had to do with the insurance policies which the corporation took out on his life was to consent that such policies might be effected. He paid no premiums on the policies, he had no control over them, he had no property rights in them and the contractual obligations were solely between the insurance companies and the corporation. There is nothing then passing to the corporation on Mr. Lanham's death that the State could tax either as an estate tax or as an inheritance and a statute which would authorize the imposition of such a tax plainly cannot be upheld. Such was the holding of the Supreme Court of Tennessee in the case of Werthan v. McCabe, 164 Tenn. 611, 51 S. W. (2d) 840: 'It will be noted that the statute, in terms, included the described policies since they were payable to "named beneficiaries." '

"In holding that they were not taxable, the Supreme Court of Tennessee said: 'The theory of the Inheritance Tax Law is that, where one transmits property to another by will, under the intestate statutes, or in contemplation of death, a tax is imposed upon the privilege of succeeding to the ownership of the property. Where no property or interest therein is transferred, necessarily there is no tax. The insurance companies contracted with the bag company, and the other beneficiaries, that upon the payment of certain annual premiums they would pay them certain sums upon the death of Morris Werthan, which they did. Werthan was not a party to these contracts. had not expended so much as a dol-

lar for this insurance, and had no interest in the policies or their proceeds. Hence there was no transfer from the estate of Werthan to these beneficiaries. If A purchases from B a tract of land upon agreement that possession is to be withheld until the death of C, certainly A acquires no interest in the land from C upon his death. Or, if X agrees to pay Y a certain sum upon the death of Z, upon the happening of that event Y succeeds to no part of the estate of Z. That, in principle, is this case. It is not unusual for parties to contract for the doing of an act or the payment of a sum of money upon the happening of some contingency, such as birth, marriage, or death.' ''

The learned chancellor concluded that as applied to the agreed state of facts, the statute relied upon by the Department of Revenue as authorizing the tax attempted to be imposed is unconstitutional; that the tax having been paid under protest, plaintiffs were entitled to its recovery, and from a judgment so holding this appeal is prosecuted.

Since the judgment appealed from was entered this court had before it precisely the same question in the case of Martin v. Storrs et al., and in an opinion reported in 277 Ky. 199, 126 S. W. (2d) 445, it was held in substance that where a corporation as the sole beneficiary obtained and paid the premiums on insurance policies on the life of its chief officer, who had no interest whatever in or control over such policies, the proceeds which were paid directly to the corporation were not taxable under our inheritance tax law, Kentucky Statutes, Sections 4281a-12 to 4281a-54. In the course of the opinion, it is said:

"It is well settled that an inheritance tax is an excise tax, upon the privilege of receiving property from a decedent by reason of his death * * *. There must be a transfer of something before there can be a tax upon its transfer, and where the decedent has no interest in or control over the policy, which could be transferred by his death, its proceeds are not subject to an inheritance tax."

The attorney general and his assistants who briefed this case on behalf of appellants admit that the facts in the instant case are such as to bring it within the principle of law announced in the Storrs case. However,

they are insisting that the proceeds from such an insurance policy are subject to the inheritance tax law of Kentucky because that law is not limited to a tax upon property passing under the law of inheritance or under a will but applies to the proceeds of insurance policies even if the facts relating thereto are such as exist in the present case. Manifestly, such contention is untenable, (1) because the pertinent portion of the inheritance tax act is not susceptible of such interpretation or construction and (2) if it were, then, it would have to be condemned because wholly foreign to and not included in the title to the act of which it is a part or the acts thereby amended and re-enacted and which relate to inheritance taxes solely; and as will be seen, this court has held that the tax sought to be imposed is not an inheritance tax.

Judgment affirmed.

Whole Court sitting.