# De Leuil's Ex'x et al. v. Department of Revenue of Commonwealth of Kentucky et al.

*May 16, 1939.*

WILLIAM FURLONG and H. M. DENTON for appellants.

HUBERT MEREDITH, Attorney General, and J. W. JONES, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

In 1923 the Struck Construction Company, a corporation, applied for and obtained two insurance policies in the principal sums of $5000 and $10,000, respectively, upon the life of F. R. DeLeuil, its president and chief officer. The policies payable to the corporation as sole beneficiary were delivered to it. It paid all the premiums thereon out of its own resources. Neither F. R.

DeLeuil nor his estate had any right, title, interest in or control over the policies or the proceeds thereof. F. R. DeLeuil died on December 27, 1930, and thereafter the proceeds of the two policies were paid directly to the Struck Construction Company. Thereupon, the Department of Revenue assessed an inheritance tax against the designated beneficiary in the policy based upon the proceeds thereof.

On appeal to the circuit court judgment was entered upholding the assessment and dismissing the appeal and this appeal is from that judgment. Upon motion of the parties in interest this appeal has been considered concurrently with the case of Department of Revenue of the Commonwealth of Kentucky et al. v. P. B. Lanham's Adm'rs et al., 128 S. W. (2d) 936, this day decided and to which we shall refer as the Lanham case.

As authority for the imposition of the tax in controversy appellees rely on subsection 5 of Section 4281a-1, Kentucky Statutes 1930, which was a part of the inheritance tax act of 1924 and which was in force at the time of the death of F. R. DeLeuil. In the Lanham case the tax was attempted to be imposed under Section 4281a-16, Kentucky Statutes 1936, a part of an act of 1936, amending and reenacting former inheritance tax acts. The first part of this section is identical with the first part of subsection 5 of Section 4281a-1, Kentucky Statutes 1930, but the latter contains the following provisions:

"* * * provided that the proceeds of a life insurance policy which is payable to a designated individual or individuals shall not be subject to the inheritance tax provided for in this act."

This is omitted from Section 4281a-16, supra, and there is substituted in its stead that part quoted in the opinion in the Lanham case and which, subject to specified exemptions, provides for the imposition of an inheritance tax upon the proceeds of insurance policies payable to designated beneficiaries.

This case was submitted on pleadings and a stipulation of facts the substance and effect of which is contained in our statement of the case and which in all material respects is the same as the stipulation in the Lanham case. In upholding the assessment of the tax and dismissing the appeal therefrom the chancellor held in effect that the proceeds of a life insurance policy, pay-

426

able to a designated corporation were not exempt from the tax under the quoted portion of subsection 5 of Section 4281a-1; but it was held in effect in the case of Martin v. Storrs, 277 Ky. 199, 126 S. W. (2d) 445, and in the opinion in the Lanham case that the proceeds of a life insurance policy obtained and held· by a corporation on the life of one of its officers, under facts and circumstances as stipulated in this case, were not taxable under our inheritance laws, Kentucky Statutes 1936, Section 4281a-12 et seq. That principle of law has equal application to subsection 5 of Section 4281a-1, Kentucky Statutes 1930.

Therefore, on the authority of those opinions the judgment must be and is reversed with directions to enter judgment granting to appellants the relief sought.

Whole Court sitting.